PER CURIAM.
Key Management Company, Inc. (“Key”), petitions this Court for a writ of mandamus directing the District Court of Jefferson County to grant Key’s motion for a return of Key’s property. The property includes numerous business records that were seized when the attorney general’s investigators executed search warrants at the offices of Key’s subsidiary, the West End Family Clinic (“the Clinic”), and on Key’s main offices. In its petition for a writ of mandamus, Key makes several attacks on the validity of the search warrants.
Agents of the United States Department of Justice also seized some of Key’s property. Key filed a motion for return of that property in the United States District Court for the Northern District of Alabama. In that court, Key argued that the federal warrants were based on evidence discovered in the execution of the allegedly defective state search warrants. To facilitate its resolution of Key’s federal court motion, the United States District Court *1387 certified the following question to this Court:
“Are investigators for the Medicaid Fraud Control Unit of the Alabama Attorney General’s Office ‘law enforcement officers’ within the meaning of Rule 1.4(p) of the Alabama Rules of Criminal Procedure, which provides:
“ ‘Law Enforcement Officer’ means an officer, employee or agent of the state of Alabama or any political subdivision thereof who is required by law to:
“(i) Maintain public order;
“(ii) Make arrests for offenses, whether that duty extends to all offenses or is limited to specific offenses; or
“(in) Investigate the commission or suspected commission of offenses.”
Because they arise out of the same set of facts, the certified question and Key’s petition for a writ of mandamus have been consolidated. The facts regarding the execution of the federal search warrant are not before us and are immaterial to the question of law presented by the certified question. The federal court, in submitting the certified question, recites that Key contends that the federal search was “fruit of the poisonous tree,” i.e., that it resulted from the state search, which Key alleges to be invalid because, Key claims, the executing officers lacked the authority to execute search warrants.
The facts surrounding the execution of the allegedly invalid state search warrants are as follows:
Isaac J. Musgrove and Herbert C. Norton, investigators for the attorney general’s office, are assigned to the Medicaid Fraud Control Unit. During April 1991, these men investigated the Clinic. The investigation began after the Alabama Medicaid Agency informed the attorney general’s office that a confidential informant had reported possible violations of the Medicaid Fraud Statute, Ala.Code 1975, § 22-1-11, occurring at the Clinic. Section 22-1-11 prohibits false applications for payment from the Medicaid agency, prohibits paying remuneration for the referral of patients, and provides that a violation of its provisions is a felony.
As part of the investigation, Musgrove and Norton interviewed several witnesses. These witnesses included some of the Clinic’s former employees and the Clinic’s former landlord. The Clinic’s landlord informed Musgrove and Norton that on Saturday, April 6, 1991, the Clinic had vacated its offices by removing the furniture and other office equipment from the premises, without prior notice to the landlord. The landlord treated this as a violation of the lease and changed the locks on the doors to the Clinic. Subsequently, the landlord leased part of the Clinic’s former office space to a new tenant. During an interview with the landlord, Investigator Mus-grove looked through one of the Clinic’s windows and saw that medical files and other documents had been left.
After concluding that probable cause existed for a search of the Clinic’s former offices, Investigator Musgrove and Assistant Attorney General Randall Houston prepared an affidavit for a search warrant and presented that affidavit to a judge of the Jefferson County District Court. Based on the information in the affidavit, the judge issued a search warrant, using a form provided by the investigators. On April 18, 1991, the investigators went to the Clinic and executed the search warrant. As a result, the investigators took possession of medical records and other materials that had been left in the Clinic’s offices and transported them to the attorney general’s office in Montgomery.
Believing that other business and medical records had been removed from the Clinic, Investigator Norton prepared a second affidavit for a search warrant.[1] On April 19, 1991, Investigator Norton and a deputy sheriff went to Key’s offices and executed the search warrant. Execution of this search warrant resulted in the seizure of several boxes of business records and *1388 other internal memoranda. Parts of Key’s computer system were also seized.
On April 30, 1991, Key moved in the district court for the return of the seized property. On May 15, 1991, the district judge who had issued the search warrant conducted a hearing, in which investigators Musgrove and Norton testified. Key argued that the search warrants were invalid due to a lack of probable cause, because, it claimed, the Clinic’s alleged conduct amounted only to an administrative violation rather than a crime. Key made several other attacks on the validity of the search warrants. Following the hearing, the district judge denied Key’s motion.
On May 30, 1991, Key filed a petition for a writ of mandamus in the Court of Criminal Appeals. After the attorney general’s response, the Court of Criminal Appeals dismissed the petition. Key thereafter filed the present petition in this Court. See Rule 21, Ala.R.App.P.
This Court has described the proof necessary for the issuance of a writ of mandamus as follows:
“Mandamus is a drastic and extraordinary writ to be issued only where there is a clear, legal right in the petitioner to the order sought; only where there is an imperative duty upon the respondent to perform, accompanied by a refusal to do so; only where there is a lack of another adequate remedy; and only where there is properly invoked jurisdiction of the Court. Ex parte Army Aviation Center Federal Credit Union, 477 So.2d 379 (Ala.1985).”
Ex parte Hudson, 562 So.2d 248, 250 (Ala.1990). Applying this standard to the present case, this Court focuses upon whether Key had another adequate remedy, particularly as that question relates to the question of whether Key has properly invoked the jurisdiction of this Court.
Ala.Code 1975, § 15-5-16, sets out the procedure for the return of property seized in the execution of a search warrant. That section provides:
“(a) If it appears that the property taken is not the same as that described in the search warrant or that there is no probable cause for believing the existence of the ground on which the warrant issued, the judge or magistrate must direct it to be restored to the person from whom it was taken.
“(b) If the property is not directed to be restored under the provisions of subsection (a) of this section, the judge or the magistrate shall annex together the search warrant, the return and the depositions and return them to the court having power to inquire into the offense in respect to which the search warrant was issued.”
See also Rule 3.13, Ala.R.Crim.P. “The circuit court shall have exclusive original jurisdiction of all felony prosecutions.” Ala.Code 1975, § 12-11-30(2). Thus, when the district court denied the motion for return of property, the materials regarding the searches should have been forwarded to the circuit court, and Key should have renewed its motion in that court. See also Ala.Code 1975, § 12-12-70, which provides that appeals from the district court are ordinarily taken to the circuit court.
After the district court denied its motion for return of the seized property, Key filed a petition for a writ of mandamus in the Court of Criminal Appeals. After the Court of Criminal Appeals dismissed the petition, Key filed the present petition in this Court. Because Key failed to proceed in the circuit court, Key has not properly invoked this Court’s jurisdiction to consider the mandamus petition. For these reasons, Key’s petition for a writ of mandamus must be dismissed.
Turning now to the certified question, this Court notes that Rule 3.10, Ala.R.Crim.P., states: “The search warrant shall be directed to and served by a law enforcement officer, as defined by Rule 1.4(p).” Rule 1.4(p), Ala.R.Crim.P., stated, at the time the search warrants in this case were issued and executed:
“ ‘Law Enforcement Officer’ means an officer, employee or agent of the State or any political subdivision thereof who is required by law to:
“(i) Maintain public order;
*1389 “(ii) Make arrests for offenses, whether that duty extends to all offenses or is limited to specific offenses; or
(iii) Investigate the commission or suspected commission of offenses.”
(Emphasis added.) On July 23, 1991, Rule 1.4(p) was amended by substituting “and” for the “or” emphasized above. Under Rule 1.4(p), Ala.R.Crim.P., as it existed when investigators Musgrove and Norton executed the first state search warrant on the Clinic, any state officer, employee, or agent that the law required to perform one or more of the three duties listed above had the authority to execute a search warrant. Rule 3.10, Ala.R.Crim.P.
Alabama established its Medicaid Fraud Control Unit within the attorney general’s office in 1978, after Congress enacted the Medicare-Medicaid Anti-fraud and Abuse Amendments to the Social Security Act. See 42 U.S.C. § 1396b(q), which defines “State medicaid fraud control unit” and which includes the following:
“The [State medicaid fraud control unit’s] function is conducting a statewide program for the investigation and prosecution of violations of all applicable State laws regarding any and all aspects of fraud in connection with any aspect of the provision of medical assistance and the activities of providers of such assistance under the State plan under this subchapter.”
42 U.S.C. § 1396b(q)(3).
Musgrove and Norton were investigators for the Alabama Medicaid Fraud Control Unit and were investigating suspected violations of Ala.Code 1975, § 22-1-11. This brings them within the definition of “law enforcement officer” found in Rule 1.4(p), Ala.R.Crim.P., as it read at the time the search warrants were issued and executed. This fact requires an affirmative answer to the federal district court’s certified question. Although in its petition for writ of mandamus Key alleges other infirmities in the search warrants, these allegations are not raised in regard to and are not pertinent to the certified question, and so, having dismissed the petition, we decline to address them.
Because Key has not properly invoked the jurisdiction of this Court, its petition for a writ of mandamus must be dismissed. Key is free to file another request for the return of its property if no criminal charges are brought after the expiration of a reasonable time.
PETITION FOR WRIT OF MANDAMUS DISMISSED; CERTIFIED QUESTION ANSWERED IN THE AFFIRMATIVE.
HORNSBY, C.J., and MADDOX, ALMON, HOUSTON, STEAGALL and INGRAM, JJ., concur.

. Investigator Musgrove did not participate, because he had become ill and had returned to Montgomery.