This is the second time these parties have been before this court. SeeVeteto v. Yocum, 794 So.2d 117 (Ala.Civ.App. 2000) (VetetoI). Ronald D. Veteto, an inmate in the state prison system, sued John C. Yocum, another inmate, in the Escambia County District Court for the balance of a loan Veteto claims he had made to Yocum. Veteto I, 794 So.2d at 1118. After the district court had dismissed the case for lack of prosecution — when neither inmate appeared for the trial — Veteto filed a Rule 59, Ala.R.Civ.P., motion to alter, amend, or vacate the district court's judgment of dismissal; a few days before that motion would have been deemed denied by operation of law, Veteto also filed a notice of appeal to the circuit court. Id. at 1118. The circuit court dismissed the appeal, holding that it was either premature (because the district court had not yet ruled on the postjudgment motion to alter, amend, or vacate) or untimely (because the appeal had not been filed within 14 days of the district court's judgment). Id. at 1118. Veteto appealed to this court; this court reversed, holding that Veteto's notice of appeal "served to withdraw his pending postjudgment motion" and thus divested the district court of jurisdiction over the case, and that jurisdiction had vested immediately in the circuit court for that court to conduct a trial de novo. Id. at (citing Herring v. Shirah,542 So.2d 271, 272 (Ala. 1988)).
After this court had issued that opinion, Veteto filed a timely application for rehearing, which this court denied, without an opinion, on June 9, 2000. Veteto, on June 19, 2000, timely petitioned the supreme court for a writ of certiorari; the petition was stricken on July 7, 2000. On July 10, 2000, this court issued its certificate of judgment.
On April 18, 2000, one day after receiving a copy of this court's opinion, the trial court entered an order setting the case for trial on June 27, 2000. Veteto failed to appear for trial, and the trial court dismissed the case for lack of prosecution, by an order dated June 28, 2000. Veteto appeals from that dismissal.
"We first consider whether we have jurisdiction over this appeal, because `jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.'" Wallace v. Tee JaysMfg. Co., 689 So.2d 210, 211 (Ala.Civ.App. 1997). A "`judgment *Page 1119 
of [a Court of Appeals] is not a final judgment until that court issues a certificate of judgment, and an application for rehearing in that court and a petition in [the supreme court] for writ of certiorari stay the issuance of that certificate.'" Ex parte Tiongson, 765 So.2d 643, 643
(Ala. 2000) (quoting Jackson v. State, 566 So.2d 758, 759 n. 2 (Ala. 1990), and citing Rule 41, Ala.R.App.P.). This court was unable to issue its certificate of judgment until the supreme court struck Veteto's certiorari petition. See Rule 41(b); Tiongson, 765 So.2d at 643. The trial court had no jurisdiction to enter any order or judgment until after this court issued its certificate of judgment on July 10, 2000. The trial court's June 28, 2000, judgment dismissing Veteto's action was void because the trial court had no jurisdiction. A void judgment will not support an appeal. Jones v. Sears, Roebuck Co., 342 So.2d 16, 17 (Ala. 1977). Accordingly, this appeal is dismissed.
DISMISSED.
Yates, P.J., and Thompson, Pittman, and Murdock, JJ., concur.