In August 2001, acting pursuant to § 16-24-38, Ala. Code 1975, Vicki Portis petitioned for a writ of mandamus in the Montgomery Circuit Court, seeking judicial review of an order of the Alabama State Tenure Commission. That civil action was assigned to Judge Johnny Hardwick. In February 2002, Portis filed a motion seeking Judge Hardwick's recusal; her motion was granted in March 2002, and an order was issued assigning Judge Sarah M. Greenhaw to hear the case. On *Page 1126 
April 23, 2002, Portis filed a notice of appeal to the Alabama Supreme Court from the March 2002 orders of the trial court; that case was transferred to this court (case no. 2010794). Because the order of recusal and the order assigning Judge Greenhaw from which Portis had appealed were not final judgments from which an appeal could properly have been taken (see § 12-22-2, Ala. Code 1975), this court, on July 16, 2002, dismissed the appeal. Portisv. Alabama State Tenure Comm'n, (No. 2010794, Jul. 16, 2002) ___ So.2d ___ (Ala.Civ.App. 2002) (table).[1]
On July 30, 2002, the final day of the 14-day period within which a party may seek rehearing of a decision of this court (see Rule 40(c), Ala.R.App.P.), Portis filed a motion that, among other things, sought reconsideration of this court's dismissal of her appeal in case no. 2010794. That motion was treated by this court as an application for rehearing; it was overruled on September 3, 2002. This court issued a certificate of judgment on September 23, 2002, finally concluding case no. 2010794. However, before those appellate proceedings had concluded, the Montgomery Circuit Court, on August 8, 2002, purported to enter a judgment denying Portis's mandamus petition on its merits. Portis filed a notice of appeal from that purported judgment, and the Alabama Supreme Court has transferred the case to this court pursuant to § 12-2-7(6), Ala. Code 1975.
It is well settled that "[o]nce an appeal is taken, the trial court loses jurisdiction to act except in matters entirely collateral to the appeal." Ward v. Ullery, 412 So.2d 796, 797 (Ala.Civ.App. 1982). On August 8, 2002, Judge Greenhaw was without jurisdiction to adjudicate the merits of Portis's action; on that date, the issue of the appropriateness of her hearing the case remained pending before this court in case no. 2010794, in which this court had yet to issue its certificate of judgment. SeeVeteto v. Yocum, 792 So.2d 1117, 1119 (Ala.Civ.App. 2001) (citing Exparte Tiongson, 765 So.2d 643 (Ala. 2000)). Accordingly, we conclude that the trial court's purported judgment of August 8, 2002, from which Portis has attempted to appeal, is void and will not support an appeal. SeeVeteto, 792 So.2d at 1119. The appeal is therefore dismissed and the trial court is instructed to vacate its August 8, 2002, judgment.[2]See State Dep't of Revenue v. Zegarelli, 676 So.2d 354, 356
(Ala.Civ.App. 1996). The trial court should refrain from deciding the merits of Portis's mandamus petition until this court's certificate of judgment, finally concluding this appeal, has been issued.
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.
[1] Because we concluded that the appeal was due to be dismissed on that basis, we did not reach the issue of whether Portis was aggrieved by those orders so as to have standing to appeal.
[2] Because we dismiss the appeal on procedural grounds, we do not address the merits of the contentions raised in Portis's mandamus petition (which appears neither in the record in this case nor in the record in case no. 2010794, of which we have taken judicial notice in this appeal, see Butler v. Olshan, 280 Ala. 181, 191 So.2d 7
(1966)). *Page 1127