Marilyn Lea Greer Roux, the mother, appeals from an order of the Tallapoosa Circuit Court awarding custody of her son to the son's paternal grandmother, Carol Hamby, and the paternal stepgrandfather, Roland Hamby, after the death of the child's father, James Bryan Greer.
The mother and the father married in 1991. The child at issue was born in June 1993. Pursuant to the terms of a divorce judgment entered by the Tallapoosa Circuit Court in 1997 (case no. DR-96-114), the mother and the father were awarded joint legal custody of the child, the father was awarded primary physical custody of the child, and the mother was awarded standard visitation.
In August 2000, the Hambys filed a petition in the Tallapoosa Circuit Court *Page 880 
(case no. DR-96-114.01) alleging that the child was seven years old, that the father had been diagnosed with cancer after the entry of the divorce judgment, that the father and the child had been living with them, that the father's cancer was not responding to treatment, and that they were acting in loco parentis for the child. The Hambys also alleged that the mother had recently refused to return the child from visitation and that she had informed the child that "his father is dying and that he will soon live with her." Further, the Hambys alleged that criminal charges had been filed against the mother for interference with the father's custody, that the mother was mentally unstable, and that the mother was unfit to have custody of the child. The Hambys requested that the trial court enter an order determining that they were "persons in loco parentis, and are entitled to joint custody of the minor child."
The mother filed an answer denying the material allegations set forth in the Hambys' petition; she also filed a counterpetition alleging that the father was no longer able to care for the child because he had a terminal illness. The mother requested that the trial court award her physical custody of the child.
In May 2001, the Hambys filed a motion alleging that the father's health was deteriorating and that they feared the mother would abscond from the state with the child upon the father's death.[1] The Hambys requested that the trial court enter an order awarding them pendente lite custody "on an emergency basis" until the trial court made a final disposition of the pending custody matters. Thereafter, the trial court entered an order awarding the Hambys pendente lite custody of the child. The order also stated that the trial court would "make a determination as to a date for a final hearing . . . concerning the custody of the child" after the father's impending death.
In August 2001, the mother notified the trial court that the father had died and she requested that it set a hearing to determine who would have custody of the child. The trial court set the case for trial, but the trial date was subsequently continued several times. The trial court also ordered the parties to mediate their dispute, but the mediation effort failed.
The trial court conducted an ore tenus proceeding in November 2003. At the close of the proceeding, the trial court requested that the guardian ad litem for the child file a report with the court and that each of the parties file "a summation of the evidence from each of [their] respective positions and also submission of legal authority to justify whatever recommendation [they would] make." Thereafter, the child's guardian ad litem filed a report with the trial court, including a recommendation that the Hambys be awarded custody of the child. The parties then each filed briefs regarding their respective positions.
After receiving the guardian ad litem's report and the parties' briefs, the trial court entered the following order:
 "The Court has reviewed all submissions by the parties and has considered all testimony presented along with all other evidence presented at trial. In a previous proceeding custody of the minor child involved was granted to the father, James Bryan Greer. Subsequently, the father died. The paternal grandparents intervened in the action. A Guardian Ad Litem was appointed. *Page 881 
 "As noted above, all evidence has been considered. The Court finds that under either the [Ex parte] McLendon [, 455 So.2d 863 (Ala. 1984),] standard, or under the `best interest' standard, custody of minor child should be vested in the paternal grandparents, Carol and Roland Hamby. This child has basically lived his life with his grandparents and is deeply rooted in his community. The undersigned did not initially hear the case in which custody was vested with the father. However, the Court finds compelling evidence to leave the child in his current custodial placement.
 "IT IS THEREFORE ORDERED that custody of [the child] be vested with paternal grandparents, Carol and Roland Hamby. The mother, Marilyn Lea Greer (Roux) shall be Ordered to pay child support to the paternal grandparents. Child support shall be computed according to Rule 32, Alabama Rules of Judicial Administration. Counsel shall submit proposals for standard visitation within 30 days."
The mother filed a notice of appeal. While the mother's appeal was pending, she filed a proposed visitation schedule with the trial court. On May 4, 2004, this court dismissed the mother's appeal because the trial court's order was not a final judgment.Greer v. Greer (No. 2030438, May 4, 2004), ___ So.2d ___ (Ala.Civ.App. 2004) (table) ("Greer I"); see generally Kelleyv. Thomas, 878 So.2d 1168 (Ala.Civ.App. 2003) (appeal dismissed as from a nonfinal judgment where the trial court's judgment failed to address the father's request that the mother be awarded visitation); T.B. v. A.J., 812 So.2d 1287, 1289 (Ala.Civ.App. 2001) (appeal dismissed as from a nonfinal judgment where the court's order "awarded the grandmother visitation rights . . . but reserved for further consideration the issues of the place and the length of that visitation"). However, before this court issued a certificate of judgment in Greer I, the mother timely filed an application for rehearing. While the application for rehearing was pending, the trial court entered a "Supplemental Final Order" purporting to award the mother "standard visitation" pursuant to a schedule set out in the supplemental order. In the supplemental order, the trial court also stated that it was deviating from the Rule 32, Ala. R. Jud. Admin., Child Support Guidelines and that the mother would not be required to pay child support to the Hambys.
On June 15, 2004, this court overruled the mother's application for rehearing in Greer I. On June 18, 2004, the mother filed a notice of appeal from the trial court's supplemental order; the appeal was assigned case no. 2030852 and is the case now before us.
On July 12, 2004, this court issued a certificate of judgment in Greer I.
In the present appeal, the mother contends that the Hambys did not make the showing required by Ex parte Terry, 494 So.2d 628
(Ala. 1986). In Ex parte Terry, our Supreme Court, quoting from its earlier decision in Ex parte McLendon, 455 So.2d 863 (Ala. 1984), stated:
 "`A natural parent has a prima facie right to the custody of his or her child. However, this presumption does not apply after a voluntary forfeiture of custody or a prior decree removing custody from the natural parent and awarding it to a non-parent.' . . .
". . . .
 "` . . . [Ex parte] Berryhill [, 410 So.2d 416
(Ala. 1982),] says that when a contest for custody of a child arises between a parent and a third person, the parent is deemed to have a superior claim to custody which should not be disturbed unless it plainly appears that the interest *Page 882 
of the child requires it be set aside. We consider this to mean nothing more than that for a third person to overcome the presumptive superior right of a parent to the custody of his or her child, there must be clear and convincing evidence that the parent is so unfit or unsuited for custody that the best interest of the child will be served by granting custody to the third person.'"
Ex parte Terry, 494 So.2d at 630 (emphasis omitted) (quotingEx parte McLendon, 455 So.2d at 862).
The Supreme Court concluded its analysis in Ex parte Terry by stating that, in that case, the presumption in favor of the natural parent could be overcome only by
 "`a finding, supported by competent evidence, that the parent seeking custody is guilty of such misconduct or neglect to a degree which renders that parent an unfit and improper person to be entrusted with the care and upbringing of the child in question. Hanlon v. Mooney, 407 So.2d 559 (Ala. 1981).'"
Ex parte Terry, 494 So.2d at 632 (quoting Ex parte Mathews,428 So.2d 58, 59 (Ala. 1983)). See generally K.C. v. D.C.,891 So.2d 346 (Ala.Civ.App. 2004) (discussing the voluntary-forfeiture exception at length); R.K. v. R.J.,843 So.2d 774 (Ala.Civ.App. 2002) (discussing the voluntary-forfeiture exception in the context of parental neglect or abandonment); and D.C. v. C.O., 721 So.2d 195 (Ala.Civ.App. 1998). See also Ex parte R.C.L., 627 So.2d 920, 921 (Ala. 1993) (pendente lite orders do not defeat the custodial presumption in favor of a natural parent). However, we are unable to reach the merits of the mother's argument because the trial court's supplemental order is void and will not support an appeal.
The issue of subject-matter jurisdiction is "`of such magnitude that we take notice of [it] at any time and do so even ex meromotu.'" Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211
(Ala.Civ.App. 1997) (quoting Nunn v. Baker, 518 So.2d 711, 712
(Ala. 1987)). After an appeal is taken, the trial court loses jurisdiction to act except in matters entirely collateral to the appeal. See Portis v. Alabama State Tenure Comm'n,863 So.2d 1125 (Ala.Civ.App. 2003); and Ward v. Ullery, 412 So.2d 796,797 (Ala.Civ.App. 1982). When the trial court entered its supplemental order, this court's judgment in Greer I was not final because the mother's application for rehearing was pending and this court had not issued a certificate of judgment. See Exparte Tiongson, 765 So.2d 643 (Ala. 2000) (a judgment of this court is not final until this court issues a certificate of judgment); see also Veteto v. Yocum, 792 So.2d 1117, 1119
(Ala.Civ.App. 2001). In other words, when the trial court entered its supplemental order purporting to address the issues that it had not addressed in the order from which the mother appealed inGreer I, namely, visitation and child support, this court still had jurisdiction over the underlying case. Thus, the trial court had no jurisdiction to enter the supplemental order and the supplemental order is void. See, e.g., Portis, supra; andVeteto, supra. "A void judgment will not support an appeal."Veteto, 792 So.2d at 1119.
Based on the foregoing, we must dismiss the mother's appeal.
APPEAL DISMISSED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.
[1] The mother had relatives who lived in Louisiana. The mother allegedly indicated that she intended to move to Louisiana with the child. *Page 883