PER CURIAM.
James McConico, Jr., appeals from a final judgment of the Escambia Circuit Court comprising a summary-judgment order in favor of numerous named defendants, including current and former employees of the Alabama Department of Corrections (“the Corrections defendants”) [1] and an order dismissing for want of prosecution his claim against an incarcerated inmate, Sylvester Kennedy. We affirm in part, reverse in part, and remand with instructions.
This is the second time that this case has been before this court. See McConico v. Culliver, 872 So.2d 872 (Ala.Civ.App.2003) (“McConico I ”). Much of the pertinent procedural history in this case was summarized in McConico I:
“In February 2000, James McConico, Jr., an inmate at Holman Correctional Facility, filed a four-count complaint in the Escambia Circuit Court against numerous defendants. McConico alleged in count I that another inmate, Sylvester Kennedy, had assaulted him while McConico was working in the prison law library. McConico asserted in count II of his complaint that Lieutenant Lee Raines and Deputy Warden Grant Cul- *301 liver were negligent in failing to file charges against Kennedy following the assault, that Raines and Culliver had engaged in a ‘cover up’ of the assault, and that Raines and Culliver had wrongfully placed McConico in separate confinement in retaliation for his previous efforts to help other inmates file civil-rights actions. Count III of McConico’s complaint asserted that Mike Haley, Commissioner of the Alabama Department of Corrections at the time this action was filed, had been negligent in failing to train Culliver and in promoting Culliver to deputy warden at Holman Correctional Facility (hereinafter ‘Holman prison’) where McConico was assaulted by Kennedy. Count IV alleged that Culliver and another correctional officer, ‘Captain Pouncey,’ had moved McConico from a clean, heated prison cell into a very small, dirty, unheated cell in retaliation for his providing legal assistance to other inmates. McConico sought monetary relief and an injunction returning him to a dry, clean, and heated prison cell.
“In March 2000, McConico amended his original complaint to add three additional counts. In his amended complaint, McConico alleged that Lt. Raines had altered the ‘incident report’ regarding the assault so as to implicate McConico instead of Kennedy as the instigator of the inmates’ fight; McConi-co asserted that the reason Raines filed that altered report was to retaliate for McConico’s reporting other improper conduct that McConico alleged Raines had committed to the Alabama Ethics Commission. McConico also asserted that Raines had conspired with the other defendants and with Charlie Jones, the warden of Holman prison, to deprive him of his constitutional and civil rights. McConico further asserted that Jones, Culliver, ‘Captain Pouncey,’ and Raines had conspired to improperly reclassify McConico from general-population confinement to solitary confinement solely to prevent him from assisting other inmates in their legal actions. McConico also asserted that two civil cases he had filed had been dismissed due to his removal from the general population to solitary confinement. Finally, McConico alleged that Jones and ‘Captain Poun-cey’ had abused their positions of authority by retaliating against McConico after he had filed the ethics complaint regarding Raines’s alleged misconduct because that report allegedly also implicated Jones and ‘Captain Pouncey.’
“The defendants requested that the trial court issue an order requiring a more definite statement of McConico’s claims, pursuant to Rule 12(e), Ala. R. Civ. P. McConico responded by voluntarily dismissing counts III and IV of his original complaint, but he insisted that his other counts were sufficiently definite. In April 2000, McConico filed a motion to obtain affidavits from inmates at Holman prison in preparation for trial; the trial court denied that motion in June 2000. According to the case action summary sheet, the defendants filed a motion to dismiss the action in September 2002; that motion was denied in October 2002. Subsequently, the trial court set the cause for trial on March 24, 2003.
“After receiving notice of the trial date, McConico filed three motions: one to compel completion of discovery, one to allow the trial to be held at Holman prison if he should not be allowed to travel to the courthouse for trial, and one to provide for McConico to testify by deposition if his motion regarding the location of the trial was not granted. All three of those motions were stamped *302 ‘filed’ by the circuit court clerk during February 2003.
“The case action summary sheet contains the following entry:
“ ‘3-20-03 Counsel for defendants having contacted the court’s judicial assistan[t] and informing her that he will submit on the pending motions, and the plaintiff having not appeared to argue said motions or otherwise contact the court regarding same, it is ordered that said motions are hereby denied.’
“On March 25, 2003, the trial court entered a judgment dismissing the case ‘for lack of prosecution, upon motion of counsel for the defendants made in open court.’ McConico filed a postjudgment motion contending that the trial court had abused its discretion in dismissing his complaint for failure to prosecute where he had sought by pretrial motion to secure his presence at trial or to obtain leave of court to preserve his testimony for trial by deposition; that postjudgment motion was denied. McConico filed a timely appeal to the Alabama Supreme Court, which transferred the case to this court, pursuant to § 12-2-7(6), Ala.Code 1975.”
872 So.2d at 873-74.
In McConico I, which was decided on August 8, 2003, this court concluded that the trial court had exceeded its discretion in denying McConico’s motion seeking to testify by deposition and by then dismissing the case for want of prosecution because “such orders, taken together, ‘effectively thwart[] [a plaintiff prisoner] from following the “proper course” specifically laid out by our Supreme Court for prisoners who need to present evidence on their own behalf in order to prosecute their civil claims.’ ” McConico I, 872 So.2d at 875 (quoting Feagin v. Stokes, 837 So.2d 857, 860 (Ala.Civ.App.2002)). This court reversed the trial court’s judgment and remanded the cause for the trial court “to permit McConico leave to take his own deposition pursuant to Rules 30(a) and 31(a), Ala. R. Civ. P., or, in the alternative, to make other arrangements as are necessary to afford McConico access to the court.” 872 So.2d at 875.
On August 12, 2003, four days after we issued our opinion in McConico I but before we issued our certificate of judgment on August 29, 2003, the trial court purported to enter an order indicating that McConico had judicial leave to take his own deposition; that order purported to direct him to file a transcript of that deposition with that court within 45 days. Six days after the trial court had attempted to enter that order, but still before this court issued its certificate of judgment, McConi-co filed a motion seeking leave to amend his complaint to add two additional counts that, in large measure, repleaded former counts III and IV. McConico later withdrew that motion seeking leave to amend, asserting that he could, under Rule 15, Ala. R. Civ. P., amend his complaint as of right.
In September 2003, McConico filed motions to vacate the trial court’s purported order of August 12, 2003, asserting that he was indigent and unable to afford to take his own deposition. Over the next two months, McConico filed a motion requesting that the trial court set his case for a jury trial and requesting that that court enter an order to transport him for trial.
In November 2003, the trial court entered an order determining that McConico had been granted leave to take his own deposition and had been directed to file the deposition transcript but finding that McConico had failed to do so. The next month, McConico again filed a motion requesting that his case be scheduled for a jury trial and that the trial court enter an *303 order directing that he be transported for trial.
On February 4, 2004, the Corrections defendants filed a motion for a summary judgment and supporting affidavits; those defendants asserted that they were entitled to immunity, that McConico had no liberty interest with respect to being housed in a particular prison unit, and that McConico had failed to show any causal link between the actions of any of the named Corrections defendants and an injury that he suffered. On March 2, 2004, the trial court granted that summary-judgment motion.[2] McConico subsequently filed a motion to vacate the summary-judgment order and a response with supporting affidavits.
On March 31, 2004, McConico filed a notice of appeal; that appeal was transferred to this court by the Alabama Supreme Court, pursuant to § 12-2-7(6), Ala. Code 1975. In August 2004, this court dismissed McConico’s appeal as being from a nonfinal judgment.
On March 2, 2005, the trial court entered an order scheduling the remaining claims in the case for trial; however, the trial court entered an order 12 days later in which it noted that a summary judgment had been entered in favor of the Corrections defendants on March 2, 2004, and that all claims had been adjudicated as to all of the named defendants except Kennedy. In that order, the trial court noted that McConico had not filed a deposition transcript and warned McConico that if the deposition transcript was not filed with that court before the trial date, or if McConico did not appear for trial, then that court would have “no other alternative” than to dismiss the action as to Kennedy. Approximately one week later, McConico filed a motion for a continuance and requested that the trial court appoint a commissioner to transcribe his testimony for trial. On April 19, 2005, more than one year after the trial court had granted the summary-judgment motion filed by the Corrections defendants, the trial court, on its own motion, dismissed the remaining claims in the case based upon want of prosecution “in that [McConico had] neither appeared for trial nor filed his deposition to be used at trial.” McConico appealed; the Supreme Court again transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Although McConico asserts three issues on appeal, the dispositive issues for this court’s review are (1) whether the trial court erred in granting the summary-judgment motion filed by the Corrections defendants, and (2) whether the trial court exceeded its discretion in dismissing McConico’s remaining claims against Kennedy based upon want of prosecution.

The Corrections Defendants

Our review of a summary judgment is de novo.
“An appellate court reviews a summary judgment by the same standard the trial court uses in determining whether to grant a summary-judgment motion. Pryor v. Brown & Root USA, Inc., 674 So.2d 45, 47 (Ala.1995); Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988). A summary judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. The mov-ant has the burden of making a prima facie showing that there is no genuine *304 issue of material fact and that he is entitled to a judgment as a matter of law. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). If the moving party makes that prima facie showing, then the burden shifts to the nonmoving party, who then has the burden of presenting substantial evidence creating a genuine issue of material fact. Id. In determining whether the evidence creates a genuine issue of material fact, this court must review the record in the light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wayne J. Griffin Elec., Inc. v. Dunn Constr. Co., 622 So.2d 314 (Ala.1993). Evidence is ‘substantial’ if it is of ‘such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).”
Millican v. McKinney, 886 So.2d 841, 843 (Ala.Civ.App.2003).

The Putative Amendment to the Complaint

We note that before the first appeal in this case, but after the Corrections defendants had filed their request for a more definite statement, McConico filed a response voluntarily dismissing counts III and IV of his complaint.[3] Count IV, which challenged the conditions of McConico’s confinement, asserted that McConico had been moved to a segregation unit as “punishment” to prevent him from providing legal assistance to other inmates and that he had been denied a “medical diet.” The record indicates that on August 18, 2003, 11 days before this court issued its certificate of judgment in the first appeal (but several months after the original trial date of March 24, 2003), McConico filed an a motion seeking leave to amend his complaint to add two additional counts. The record reflects that those two counts were, in substance, merely restatements of the claims that McConico had voluntarily dismissed in March 2000.
Rule 15(a), Ala. R. Civ. P., provides, in pertinent part, as follows:
“(a) Amendments. Unless a court has ordered otherwise, a party may amend a pleading without leave of court, but subject to disallowance on the court’s own motion or a motion to strike of an adverse party, at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires. Thereafter, a party may amend a pleading only by leave of court, and leave shall be given only upon a showing of good cause .... ”
(Emphasis added.)
Our Supreme Court recently addressed the emphasized portion of Rule 15(a) in Gulf Coast Realty Co. v. Professional Real Estate Partners, Inc., 926 So.2d 992 (Ala.2005), in determining that a realty agency did not have good cause to amend its complaint when it had sought leave to do so only after the first trial date had been scheduled in the matter. In reaching its determination, the Alabama Supreme Court stated the following:
“ ‘ “Although Rule 15(a) itself calls for liberal amendment, this Court has held consistently that ‘the grant or denial of leave to amend is a matter that is within the discretion of the trial court and is subject to reversal on appeal only for an abuse of discretion.’ ” ’ Rector v. Better Houses, Inc., 820 So.2d 75, 78 (Ala.2001) *305 (quoting Boros v. Baxley, 621 So.2d 240, 245 (Ala.1993)). “ ‘Rule 15, [Ala. R. Civ. P.], is not carte blanche authority to amend a complaint at any time.’ ” Rector, 820 So.2d at 78 (quoting Stallings v. Angelica Uniform Co., 388 So.2d 942, 947 (Ala.1980), quoting in turn Stead v. Blue Cross-Blue Shield of Alabama, 294 Ala. 3, 6, 310 So.2d 469, 471 (1975)). ‘ “Discretion rests in the trial judge to deny amendments for good cause. ... ‘[I]f the court determines ... that a party has had sufficient opportunity to state a claim or revise his answer to a complaint but has failed to do so, leave to amend may properly be denied.’ ” ’ Ex parte Tidmore, 418 So.2d 866, 868-69 (Ala.1982) (quoting Stallings, 388 So.2d at 947).”
926 So.2d at 1003.
In this case, the first trial setting was scheduled for March 24, 2003, and McConico first moved to amend his complaint on August 18, 2003, approximately five months after that trial setting. The record indicates that McConico withdrew his motion seeking leave to amend and that he did not show “good cause” for delaying the filing and service of the amendment.[4] Instead, McConico simply attempted to resurrect the . same two claims that he had previously abandoned some three years earlier. Moreover, at the time that McConico purported to amend his complaint, the trial court was without jurisdiction to permit his proposed amendment because this court had not yet issued its certificate of judgment in McConico I terminating our jurisdiction in the case. See Portis v. Alabama State Tenure Comm’n, 863 So.2d 1125, 1126 (Ala.Civ.App.2003); see also Veteto v. Yocum, 792 So.2d 1117, 1119 (Ala.Civ.App. 2001) (citing Ex parte Tiongson, 765 So.2d 643 (Ala.2000)). Thus, the trial court lacked jurisdiction to grant McConico’s requested amendment. Because the record does not indicate that McConico demonstrated good cause for his amendment and does not show that the trial court granted him leave to make such an amendment, we are compelled to conclude that the counts in the amendment were not before the trial court at the time it granted the Corrections defendants’ summary-judgment motion.
The Corrections defendants’ summary-judgment motion relied upon supporting affidavits from Deputy Warden Grant Culliver, Captain Allie Pouncey, and Classification Specialist James Powers that repudiated the factual basis of the remaining claims that McConico had set forth in his original complaint. McConico’s motion challenging the summary-judgment order and his supporting affidavits restated the allegations regarding the conditions of his confinement that McConico had asserted in the putative “amendment” to his complaint. Because the record indicates that the claims in the proposed amendment were not before the trial court, we conclude that McConico produced no pertinent evidence to rebut the Corrections defendants’ properly supported motion for a summary judgment. McConico’s eoneluso-ry allegations that the named Corrections defendants engaged in a deliberate “coverup” of the incident between McConico and Kennedy, that they conspired to alter the incident report, that they retaliated against him by placing him in solitary confinement for filing an “ethics report,” and that they generally denied him the rights afforded to him by the United States Constitution are simply not supported by any evidence contained within the record.
*306 Therefore, because we conclude that the Corrections defendants made a prima facie showing that no genuine issue of material fact existed as to McConico’s claims against those defendants, a showing that McConico did not rebut, we conclude that the trial court’s entry of a summary judgment in favor of those defendants was proper. That portion of the trial court’s judgment is affirmed.

The Claim Against Kennedy

We next address whether the trial court erred in dismissing McConico’s claim against the remaining defendant, Kennedy. On August 12, 2003, the trial court entered an order that purported to grant leave for McConico to take his own deposition and purported to direct him to file a transcript of that deposition within 45 days. The trial court eventually dismissed McConi-co’s action based on want of prosecution in that McConico had failed to take his own deposition. However, the trial court’s order on remand directing McConico to take his deposition was entered on the trial court’s ease-action-summary sheet before this court had entered its certificate of judgment in McConico I. Because this court did not issue its certificate of judgment in McConico I until August 29, 2003, the trial court had no jurisdiction to issue any orders until after that date because this court still retained jurisdiction. See Portis, Veteto, and Tiongson, supra. Thus, the trial court has, in effect, failed to comply with this court’s mandate in McConico I that, pursuant to Rules 30(a) or 31(a), Ala. R. Civ. P.,[5] McConico is to be afforded leave to take his own deposition. Because the trial court relied upon its void order of August 12, 2003, in concluding that McConico had failed to prosecute his claim against Kennedy, we conclude that the court erred.
Therefore, we reverse the judgment as to the claims against Kennedy and instruct the trial court, upon the issuance of the certificate of judgment in this appeal, to grant McConico leave to take his deposition pursuant to Rules 30(a) and 31(a), Ala. R. Civ. P., and to specify the terms upon which the deposition is to be conducted or, in the alternative, to make other arrangements as are necessary to afford McConico access to the court. In remanding this cause, no aspect of our opinion should be interpreted as addressing the merits of McConico’s cause of action against Kennedy.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result in part and dissents in part, with writing.

. McConico's complaint named as defendants then commissioner of the Alabama Department of Corrections Mike Haley, Deputy Warden of Holman Correctional Facility Grant Culliver, Lieutenant Lee Raines, Captain Allie Pouncey, and Classification Specialist James Powers.

. The record does not indicate that the trial court set a hearing on the summary-judgment motion before granting it.

. Mike Haley, the former Commissioner of the Alabama Department of Corrections was named only in count III of McConico's complaint.

. Indeed, McConico withdrew his motion seeking leave to amend on the erroneous basis that he was entitled to amend his complaint without obtaining leave of court.

. We note that both Rule 30(a) and Rule 31(a), Ala. R. Civ. P., contain nearly identical provisions that "[t]he deposition of a person confined in prison may be taken only by leave of court and on such terms as the court prescribes." (Emphasis added.)