THOMPSON, Presiding Judge.
On December 15, 2015, Deslíante Steger (“the mother”) filed a petition in the Madison Circuit Court (“the trial court”) seeking to modify custody of her two minor children (“the children”). The record indicates that, approximately five years earlier, the mother had agreed to transfer custody of the children to the children’s maternal grandmother, Tina Wynn (“the maternal grandmother”). Testimony in the record indicates that, approximately two years before the current action was tried, the trial court had presided over a modification action and that, as a result of that action, the maternal grandmother had maintained custody of the children. Although neither of the two previous custody judgments are contained in the record on appeal, it is undisputed that the maternal grandmother has had physical custody of the children for approximately five years and that the mother has had visitation with the children. In one of her filings, the mother alleged that the parties had “joint custody.” In a postjudgment motion, the maternal grandmother represented that she has had physical and legal custody of the children. We conclude that the record as a whole demonstrates that, even assuming that the parties shared joint legal custody, the maternal grandmother has had physical custody of the children and the mother has had rights of visitation. See Griffin v. Griffin, 159 So.3d 67, 69-70 (Ala. Civ. App. 2014) (determining that the evidence indicated that the previous custody judgment, which was not contained in the record on appeal, had awarded the mother “primary physical custody” of the parties’ child); and McCormick v. Ethridge, 15 So.3d 524, 526-27 (Ala. Civ. App. 2008) (where the previous custody judgment was not contained in the record on appeal, concluding that the evidence indicated that previous judgment had awarded the father “primary physical custody” of the parties’ child).
The trial court conducted an ore tenus custody hearing on the mother’s modification petition. On June 1, 2016, the trial court entered a judgment granting that petition and awarding custody of the children to the mother. On June 3, 2016, the maternal grandmother, proceeding pro se, filed a postjudgment motion in which she argued, in essence, that the evidence did not support the trial court’s judgment. The trial court denied that motion on June 9, 2016.
Shortly after the June 9, 2016, denial of the maternal grandmother’s June 1, 2016, postjudgment motion, the mother filed a motion asking the trial court to issue an order allowing her to pick up the children; in that motion, the mother alleged that the maternal grandmother had not allowed her to do so. On June 13, 2016, the trial court entered an order requiring the maternal grandmother to coordinate a transfer of custody of the children within seven days of the entry of that order, and it provided that the maternal grandmother would be held in contempt if she failed to comply with that order.
On. June 15, 2016, the maternal grandmother, proceeding with counsel, filed another postjudgment motion in which she argued that the trial court had applied an incorrect custody-modification standard. We note that the maternal grandmother’s June 15, 2016; postjudgment motion was filed within 30 days of the entry of the June 1, 2016, judgment and raised arguments different from those asserted in the maternal grandmother’s initial post-judgment motion. Accordingly, that post-judgment motion did not constitute an impermissible successive postjudgment motion. Instead, because that post-judgment motion contained “grounds different from or additional to the grounds *940 asserted in a previous postjudgment motion,” it was a valid postjudgment motion that would operate to extend the 90-day period in which a trial court may consider a postjudgment motion. Curry v. Curry, 962 So.2d 261, 264 (Ala. Civ. App. 2007) (emphasis omitted). See also Goodyear Tire & Rubber Co. v. Haygood, 93 So.3d 132, 140 (Ala. Civ. App. 2012) (“[A] second postjudgment motion is not to be. precluded from the trial court’s consideration merely because a party already has filed one postjudgment motion. The trial court must look to the substance of the motion to see whether it constitutes an ‘amendment’ to the first postjudgment motion.”); and Roden v. Roden, 937 So.2d 83, 85 (Ala. Civ. App. 2006) (“Rule 59.1 has been held to apply separately to each distinct timely filed postjudgment motion so as to afford the trial court a full 90-day period to rule on each separate motion (see Spina v. Causey, 403 So.2d 199, 201 (Ala. 1981)).”). The trial court denied the maternal grandmother’s" June 15, 2016, postjudgment motion, and the maternal grandmother timely appealed on June 20, 2016.
Also on June 20, 2016, the mother filed another motion seeking to enforce the transfer of custody of the children; in that motion,- she alleged that the maternal grandmother had again refused to transfer custody to her. The trial court entered an order scheduling a hearing and ordering the maternal grandmother to appear with the children to show cause why she should’ not be held in contempt. The maternal grandmother transferred custody of the children to the mother, and the trial court entered an order continuing the contempt hearing. On June 27, 2016, the maternal grandmother filed an emergency motion seeking a new trial, arguing. that, after custody had been transferred to the mother, the mother had been arrested for felony possession of a controlled substance. After conducting a hearing, on August 14, 2016, the trial court entered an order in which it found that the maternal grandmother had willfully refused to comply with its earlier orders, and it ordered the maternal grandmother to pay the mother $300 to reimburse the mother for the costs of traveling to the maternal grandmother’s home twice in unsuccessful attempts to transfer custody of the children. The trial court also entered a separate order that denied the maternal grandmother’s June 27,2016, motion.
On appeal, the maternal grandmother raises two arguments pertaining to the trial court’s August 14, 2016, order. However, the maternal grandmother did not appeal that order, and, therefore, this court has nothing to review. C.D.S. v. K.S.S., 963 So.2d 125, 131 (Ala. Civ. App. 2007) (“[T]he father’s failure to timely file a notice of appeal from the circuit court’s ... judgment finding him in contempt deprives this court of jurisdiction to review that contempt judgment.”). We dismiss that part of the maternal grandmother’s appeal that purports to be taken from the August 14, 2016, order.
The maternal grandmother also argues that, in entering its June 1, 2016, custody judgment, the trial court applied an incorrect custody-modification standard. As the maternal grandmother correctly points out, the record establishes that the mother had agreed to relinquish custody of the children to the maternal grandmother approximately five years before the ore tenus hearing in this action.
“In a custody dispute between a parent and a nonparent, the parent has a prima facie right to. custody over the nonparent. Ex parte Terry, 494 So.2d 628 (Ala. 1986). This, .presumption does not apply, however, in a case in which *941 the parent voluntarily forfeits his or her right to custody to a nonparent ..., ”
Ex parte G.C., 924 So.2d 651, 656 (Ala. 2005). When a parent has relinquished custody of a child to a nonparent, .in order to regain custody, the parent must meet the custody standard set forth in Ex parte McLendon, 455 So.2d 863 (Ala. 1984). Ex parte C.G., 924 So.2d at 659; T.L.L. v. T.F.L., 580 So. 2d 1359, 1361 (Ala. Civ. App. 1991). Our supreme court has held:
“It is not enough that the parent show that she has remarried, reformed her lifestyle, and improved her financial position. Carter v. Harbin, 279 Ala. 237, 184 So.2d 145 (1966); Abel v. Hadder, 404 So.2d 64 (Ala. Civ. App. 1981). The parent seeking the custody change must show not only-that she is fit, but also that the change of custody ’materially promotes’ the child’s best interest and welfare.”
Ex parte McLendon, 455 So.2d at 866. See also K.U. v. J.C., 196 So.3d 265, 271 (Ala. Civ. App. 2015) (holding that when a parent has agreed to transfer custody to a nonparent, “Ex parte McLendon .plainly provides that, even if the petitioning parent proves his or her fitness, the burden still remains on the parent to prove that the change of custody will ‘materially promote’ the welfare of the child”); McGinnis v. McGinnis, 567 So.2d 390, 392 (Ala. Civ. App. 1990) (mother had voluntarily relinquished custody by leaving children in the care of their grandparents for two years, and, therefore, she was required to meet the McLendon standard in order to regain custody).
In its judgment, the trial court did not set forth the standard it applied in reaching its custody decision. However, ■ during the postjudgment hearing, the trial court repeatedly stated that it had determined that the change in custody would serve the children’s best interests. See Ex parte Door Components, LLC, 171 So.3d 18, 21 (Ala. Civ. App. 2014) (using comments made.by the trial court during a hearing to. interpret the judgment). It is clear from the evidence that the mother had relinquished custody of the children to the maternal grandmother. Accordingly, in order to regain custody of the children, she was required to meet the McLendon standard. The. trial court erred in modifying custody based on the “best interests of the child” standard. We. therefore reverse the trial court’s June 1, 2016, judgment and remand the cause for the trial court to reconsider the action and to apply the correct custody-modification standard.
APPEAL DISMISSED IN PART; REVERSED AND REMANDED.
Pittman and Donaldson, JJ., concur.
Thomas and Moore, JJ., concur in the • result, without writings.