THOMPSON, Presiding Judge.
This is the second time these parties have been before this court. On December 1, 2015, Deslíante Steger (“the mother”) filed a complaint in the Madison' Circuit Court (“the trial court”) seeking the return of custody of her two children from Tina Wynn (“the maternal grandmother”). The record indicated that the mother had transferred custody of the children to the maternal grandmother approximately five years earlier. The trial court entered a judgment determining that the best interests of the children would be met by modifying custody so as to return custody of the children to the mother. The maternal grandmother ¡appealed, and this court reversed, concluding that the trial court had applied an incorrect custody-modification standard, Wynn v. Steger, 223 So.3d 938 (Ala. Civ. App. 2016). This court held that, under the facts of the cáse, the trial court should have applied the standard set forth in Ex parte McLendon, 455 So.2d 863 (Ala. 1984), and we ordered that the trial court reconsider the facts of the case by applying that standard. Wynn v. Steger, supra.
This court released its opinion in Wynn v. Steger, supra, on October 28, 2016, and our certificate of judgment in *535 that case was entered oil November 16, 2016. Before this court entered its certificate of judgment, the trial court entered two orders on November 4, 2016. In one of those orders, the trial court scheduled the cause for a further evidentiary hearing in April 2017, and, in the other order, the trial court awarded pendente lite custody of the children to the mother. The maternal grandmother filed a purported post-judgment motion, upon which the trial court did not rule and which did not extend the time in which she could seek appellate review of those interlocutory orders. See Malone v. Gainey, 726 So.2d 725, 725 n. 1 (Ala. Civ. App. 1999) (a post-judgment motion may be taken only in reference to a final judgment). Regardless, the maternal grandmother filed a timely petition for a writ of mandamus; she argues that the trial court did not comply with this court’s mandate by awarding pendente lite custody to the mother in its November 4, 2016, order.
This court cannot reach the merits of the maternal grandmother’s argument, however, because the trial court’s November 4, 2016, orders are void. It is well settled that a trial court does not have jurisdiction to enter any order on remand until this court has entered its certificate of judgment. Poole v. Poole, 212 So.3d 261, 262 (Ala. Civ. App. 2016); Veteto v. Yocum, 792 So.2d 1117, 1119 (Ala. Civ. App. 2001); and Raybon v. Hall, 17 So.3d 673, 675 (Ala. Civ. App. 2009). This court had not yet entered its certificate of judgment in Wynn v. Steger, supra, when the trial court entered its November 4, 2016, orders, and, therefore, those orders are void for want of jurisdiction. This court does not have jurisdiction to review a void order, and, therefore, the petition for a writ of mandamus is dismissed. Ex parte Key Mgmt. Co., 598 So.2d 1386, 1388 (Ala. 1992).
' PETITION DISMISSED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.