MOORE, Judge.
B.M. ("the father") appeals from a judgment entered by the Fayette Probate Court ("the probate court") granting the petition of J.B.R. ("the stepfather") to adopt R.J.M. ("the child"). We dismiss the appeal.
On January 31, 2017, the stepfather filed in the probate court a petition seeking to adopt the child. On March 1, 2017, the *650 father answered and objected to the stepfather's petition. After a trial, the probate court entered a judgment on March 17, 2017, granting the stepfather's petition to adopt the child. The father filed his notice of appeal on March 30, 2017.
Discussion
On appeal, this court, ex mero motu, raised the issue whether the probate court had jurisdiction over the adoption petition in light of the fact that there exists a previous judgment entered by a Florida court regarding custody of the child, which is referenced in the record on appeal. See D.C.S. v. L.B., 84 So.3d 954, 957 (Ala. Civ. App. 2011) (" ' "[T]his Court is duty bound to notice ex mero motu the absence of subject-matter jurisdiction." ' " (quoting Baldwin Cty. v. Bay Minette, 854 So.2d 42, 45 (Ala. 2003), quoting in turn Stamps v. Jefferson Cty. Bd. of Educ., 642 So.2d 941, 945 n.2 (Ala. 1994) )). The parties were requested to submit briefs on that issue.
In J.L.L. v. Jefferson County Department of Human Resources, 127 So.3d 433 (Ala. Civ. App. 2012), this court recognized that the Parental Kidnapping Prevention Act ("the PKPA"), 28 U.S.C. § 1738A, applies to adoption actions. Subsection (d) of the PKPA provides:
"The jurisdiction of a court of a State which has made a child custody or visitation determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant."
Subsection (c)(1) of the PKPA provides:
"A child custody or visitation determination made by a court of a State is consistent with the provisions of this section only if-
"(1) such court has jurisdiction under the law of such State."
In the present case, the Circuit Court of Okaloosa County, Florida ("the Florida court"), made a custody determination regarding the child in favor of the father and issued two pickup orders to the child's mother, J.D.H., ordering her to return the child to the custody of the father; the latter pickup order was enforced by the Fayette Circuit Court ("the circuit court") by an order entered on January 13, 2017, in which the circuit court recognized the exclusive continuing jurisdiction of the Florida court over the custody of the child. The stepfather attached a copy of the circuit court's order to his petition for adoption and did not contest the terms of that order. The record indicates that the father remains a resident of Florida.
Based on the foregoing, we conclude that the Florida court has exclusive continuing jurisdiction over the child's custody under the PKPA. Under § 1738A(f), the probate court may modify the Florida court's order only if:
"(1) it has jurisdiction to make such a child custody determination; and
"(2) the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination."
(Emphasis added.) The record does not contain any indication that the Florida court has declined to exercise its jurisdiction to modify custody of the child. Therefore, we conclude that the probate court lacks jurisdiction to modify the Florida court's order through the adoption process.
In his supplemental brief to this court, the stepfather argues that the PKPA does not provide for exclusive subject-matter jurisdiction in this case but, instead, provides for only "preferred jurisdiction." He asserts, therefore, that the father's failure to raise this issue in the adoption proceedings and in his initial appellate *651 brief to this court renders the issue of jurisdiction waived. In Ex parte D.B., 975 So.2d 940 (Ala. 2007), our supreme court held that the PKPA regulates which state court will have subject-matter jurisdiction over a child-custody case in cases of interstate conflicts. Although the concluding paragraph of the main opinion in Ex parte D.B. provides that Nebraska was the "preferred jurisdiction" under the PKPA, 975 So.2d at 956, that language came only after the supreme court had repeatedly recognized that the PKPA gave Nebraska exclusive "subject-matter jurisdiction." 975 So.2d at 950-51, 955. Similarly, this court has repeatedly recognized that the PKPA is intended to resolve questions of subject-matter jurisdiction. Hensley v. Kanizai, 143 So.3d 186, 194 (Ala. Civ. App. 2013) ; R.W. v. G.W., 2 So.3d 869, 871 (Ala. Civ. App. 2008) ; Peterson v. Peterson, 965 So.2d 1096, 1101 (Ala. Civ. App. 2007) ; D.B. v. M.A., 975 So.2d 927, 935-37 (Ala. Civ. App. 2006) ; Patrick v. Williams, 952 So.2d 1131, 1138 (Ala. Civ. App. 2006) ; and C.J.L. v. M.W.B., 868 So.2d 451, 451-52 (Ala. Civ. App. 2003). "Subject-matter jurisdiction cannot be waived, and the lack of subject-matter jurisdiction may be raised at any time by a party or by a court ex mero motu." Ex parte Punturo, 928 So.2d 1030, 1033 (Ala. 2002). Additionally, "this court may address arguments raised for the first time on appeal that go to the subject-matter jurisdiction of the trial court." J.P. v. R.L.P., 194 So.3d 945, 947 (Ala. Civ. App. 2015).
Conclusion
Because we conclude that the Florida court has exclusive continuing jurisdiction over the custody of the child, the probate court lacked jurisdiction to consider the stepfather's petition to adopt the child, and, thus, its judgment is void. " 'A void judgment will not support an appeal.' " Roux v. Hamby, 914 So.2d 879, 882 (Ala. Civ. App. 2005) (quoting Veteto v. Yocum, 792 So.2d 1117, 1119 (Ala. Civ. App. 2001) ). We therefore dismiss the father's appeal, albeit with instructions to the probate court to set aside its void judgment.
APPEAL DISMISSED WITH INSTRUCTIONS.
Pittman, Thomas, and Donaldson, JJ., concur.
Thompson, P.J., concurs in the result, without writing.