Elie Vincent Merritt, Jr., was indicted for robbery in the first degree in violation of § 13A-8-41, Code of Alabama 1975, for the armed robbery of the Dauphin Island Parkway branch of the First Alabama Bank of Mobile. The jury found Merritt guilty as charged in the indictment, and he was sentenced to 20 years in the penitentiary.
After making a thorough recitation of the facts in this case and the rulings adverse to Merritt, appellate defense counsel has filed with this Court a brief alleging that he could find no error harmful to the substantial rights of Merritt. In particular, defense counsel contends that he could not advance any argument in Merritt's behalf in good faith and that he believes an appeal in this case is wholly frivolous.
The brief submitted by able counsel for Merritt is in compliance with the standards enunciated in Anders v.California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Having thoroughly examined the brief filed on behalf of Merritt and the record of Merritt's trial, this Court finds it clear that no errors harmful to Merritt's case can be found. Chapmanv. State, 465 So.2d 1214, 1215 (Ala.Cr.App. 1985). *Page 410 
As stated by appellate counsel in his brief, the five potential issues in this case contain no reversible error. For example, any error in allowing eyewitness Tonya Murph to testify on direct examination to her extrajudicial identification of Merritt as the perpetrator was cured by challenging the witness's identification of Merritt on cross-examination. Carlisle v. State, 371 So.2d 975, 978
(Ala.Cr.App. 1979). Likewise, the police officer's response indicating that Merritt's photograph was placed in a photographic spread due to an anonymous phone call was not offered for the truth of the matter asserted but merely to show why the police placed Merritt's photograph in the photographic spread. Claims of ineffective assistance of Merritt's trial counsel, moreover, will not be considered for the first time on appeal. Jackson v. State, 534 So.2d 689, 692 (Ala.Cr.App. 1988). Furthermore, the prosecutor's identification during closing argument of two persons in the courtroom who had not testified at trial was not reversible error because the reference was made "in the heat of debate" in response to defense counsel's closing argument that the State had failed to introduce the testimony of these persons into evidence. The trial court therefore exercised its discretion in allowing that argument.Touart v. State, 562 So.2d 625 (Ala.Cr.App. 1989). Finally, the prosecutor's statement during closing argument that he could not force an anonymous telephone caller to testify did not constitute reversible error, because the statement, which did not prejudice Merritt due to the existence of independent testimony of two eyewitnesses who identified Merritt as the perpetrator, was a legitimate inference from evidence submitted to the jury. See Averette v. State, 473 So.2d 631
(Ala.Cr.App. 1985).
We therefore conclude that there are no errors contained in this record which affect the substantial rights of Merritt. The motion of appellate counsel for Merritt to withdraw pursuant toAnders v. California, 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493 (1967), is hereby granted. This cause is due to be, and it is hereby, affirmed.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a Retired Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.