The appellant, Maxwell C. Gray, Jr., was convicted after a jury trial of robbery in the first degree, in violation of § 13A-8-41, Code of Alabama 1975, and was sentenced as a habitual offender to life in prison without the possibility of parole.
Because it is necessary to remand this case to the trial court, we need address only the State's failure to prove all of the appellant's prior convictions that were used to enhance his sentence. At the sentencing hearing, the State attempted to prove three prior convictions by introducing case action summaries pursuant to § 13A-5-10.1, Code of Alabama 1975. The record reflects that State's exhibit no. 1 was a case action summary from Jefferson County for the offense of burglary. State's exhibit no. 2 was a case action summary from Jefferson County for the offense of robbery. State's exhibit no. 3 was a certified copy of a case action summary from Elmore County for the offense of escape. State's exhibit no. 4 *Page 239 
was a sheet of paper, blank except for the certification stamp of the Circuit Clerk of Jefferson County, which reads in pertinent part as follows: "I, Polly Conradi, Clerk of the Circuit Court of Jefferson County, do hereby certify that theforegoing is a true, correct and full copy of the instrument
herewith set out as appears on record in said Court." (Emphasis added.) The State offered this certification for both Jefferson County convictions. The appellant objected on the ground that the certification was good as to only one conviction and the trial court overruled. This certification appears between the Jefferson County case action summaries in the supplemental record, but refers only to the "foregoing . . . instrument." The State suggests that this was an inadvertent result from the assembly of the supplemental record. However, the record should clearly reflect that each case action summary is certified. Thus, only one of the Jefferson County case action summaries is certified, and the appellant must be resentenced either with properly certified convictions or without the uncertified conviction.
We also note that on remand the reintroduction of each of the Jefferson County case action summaries, properly certified, would not violate the double jeopardy clause of either the United States or the state constitutions. Ex parte Randle,554 So.2d 1138 (Ala. 1989).
The appellant also argues that the Jefferson County case action summaries do not reflect that he was represented by counsel at all stages of the proceedings. This argument, however, is procedurally barred because at sentencing the appellant objected to the lack of certification rather than a lack of counsel and a specific objection waives all grounds not specified. Fisher v. State, 439 So.2d 176 (Ala.Cr.App. 1983);Alldredge v. State, 431 So.2d 1358 (Ala.Cr.App. 1983). Moreover, this argument is without merit because the case action summaries reflect that the appellant was represented by counsel. § 13A-5-10.1(c), Code of Alabama 1975; see Montgomeryv. State, 504 So.2d 370 (Ala.Cr.App. 1987); Jackson v. State,502 So.2d 858 (Ala.Cr.App. 1986).
Based on the foregoing, this cause is remanded to the trial court for a new sentencing hearing, and the trial court shall take all action directed in sufficient time to permit the circuit clerk to make a proper return to this court at the earliest possible time and within 28 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.