On return to remand

PATTERSON, Presiding Judge.
The appellant, Maxwell Gray, Jr., was convicted after a jury trial of robbery in the first degree, in violation of § 13A-8-41, Code of Alabama 1975, and was sentenced as a habitual offender to life in prison without the possibility of parole. This court remanded this cause to the trial court for resentencing because it was unclear whether two of the prior convictions had been properly proved. See Gray v. State, 597 So.2d 238 (Ala.Cr.App. 1992). The trial court, after a new sentencing hearing, again sentenced the appellant to life in prison without the possibility of parole. We will address this issue along with the issue in his original brief that was not ad *508 dressed in our opinion and new issues that he now raises on return to remand.
I
The appellant argues in his original brief that the trial court erred by denying his motion for psychiatric evaluation. On the first day of trial, the appellant moved for a psychiatric evaluation, and the trial court denied the motion without discussion. “[A] trial court has an independent duty to inquire into an accused’s state of mind when there are reasonable grounds to doubt the accused’s competency to stand trial.” Ex parte LaFlore, 445 So.2d 932, 935 (Ala.1983). Furthermore, this court has held as follows:
“A defendant does not have the right to a mental examination whenever he requests one. Rather, this is a matter within the discretion of the trial judge, with the defendant bearing the burden on a motion for a competency investigation of persuading the court that a reasonable and bona fide doubt exists as to the defendant’s mental competency. Miles v. State, 408 So.2d 158 (Ala.Cr.App.1981), cert. denied, 408 So.2d 163 (Ala.1982).”
Robinson v. State, 428 So.2d 167, 170 (Ala. Cr.App.1983). The appellant’s motion contained only general, conelusory allegations without sufficient facts upon which the trial court could have granted the motion. The appellant did not meet his burden and the trial court did not abuse its discretion.
II
The appellant argues in his brief on return to remand that counsel was ineffective because he waived his right to closing argument before the jury. This argument, however, is procedurally barred because it was raised for the first time on appeal. Ex parte Jackson, 598 So.2d 895 (Ala.1992); Merritt v. State, 571 So.2d 409 (Ala.Cr.App.1990); Jackson v. State, 534 So.2d 689 (Ala.Cr.App.1988).
III
The appellant argues, in his brief on return to remand, that the trial court erred by admitting state’s exhibits nos. 1 and 2, a knife and a wallet, respectively, over objection, because, he argues, there was no proof of a chain of custody. At trial, the victim identified both the knife and the wallet and testified that they were in the “same or substantially the same” condition as they had been when they were recovered. He further testified that he last saw them in the possession of the police at the scene where his stolen jeep was wrecked. Robert Burnham, the fire captain of the Pell City Fire Department, identified both the knife and the wallet and testified that he recovered them at the scene of the wreck. He further testified that he turned the items over to Officer Brent Callahan of the Pell City Police Department. Callahan identified the items and testified that he received them from Burnham.
“ ‘The State need only prove to a reasonable probability that the object is in the same condition as, and not substantially different from, its condition at the commencement of the chain. Sommer v. State, 489 So.2d 643, 645 (Ala.Cr.App.1986).’ McCray v. State, 548 So.2d 573, 576 (Ala. Cr.App.1988). ‘The evidence need not negate the most remote possibility of substitution, alteration, or tampering of the evidence.’ Slaughter v. State, 411 So.2d 819, 822 (Ala.Cr.App.1981).”
Brooks v. State, 599 So.2d 1238 (Ala.Cr.App. 1992). The state’s evidence established “a reasonable probability” that the knife and the wallet were in the same or substantially same condition as they were when they were recovered. To the extent that there was a break in the chain of custody because there was no testimony regarding the whereabouts of the knife and the wallet from the time they were recovered at the scene of the wreck to the time of their introduction at trial, any such omission was harmless error in light of the testimony identifying the items and stating that they were in the same or substantially the same condition, especially in the absence of any contention that the items had been tampered with or misidentified. Thus, this issue is without merit.
IV
The appellant states that one of his issues is whether the trial court erred by refusing to charge the jury regarding robbery in the second or third degrees or the *509 unlawful use of a motor vehicle. His argument, however, addresses only the failure to charge the jury regarding robbery in the second degree. He argues that because a second person was present at the robbery, the court should have charged the jury regarding robbery in the second degree in accord with § 13A-8^f2(a), Code of Alabama 1975. This argument, however, is without merit for two reasons. First, the record does not reflect that the person standing behind the jeep while the robbery transpired aided the appellant within the meaning of § 13A-8-42. Second, because the state proved a prima facie case of robbery in accord with § 13A-8-43 and proved that the appellant was armed with a deadly weapon or dangerous instrument, he was either guilty or not guilty of robbery in the first degree, regardless of the presence of another person. See Ex parte Curry, 471 So.2d 476 (Ala.1984); § 13A-8-41, Code of Alabama 1975. Thus, this issue is without merit.
V
The appellant argues that the trial court erred in sentencing him to life without parole as a habitual offender because, he says, the convictions relied upon were not properly certified or were not “sufficiently identifiable documents.” State’s exhibit no. 1 is a record of his conviction in Elmore County for escape in the first degree. This record is essentially a completed guilty plea form, see A.R.Cr.P. Form 70, with additional information relating to the withdrawal of his plea of not guilty and the subsequent entry of a plea of guilty, to the fact that he was represented by counsel, and to his resulting sentence. The record bears the certification of the Elmore circuit clerk. Section 13A-5-10.1(a), Code of Alabama 1975, provides for the use of “[cjertified copies of case action summary sheets, dockets sheets, or other records of the court ... if the prior conviction is otherwise admissible under the laws of the state”; thus, this record is sufficient proof of a prior conviction.
The Jefferson County convictions consist of two case action summaries, each page of which bears, on either the front or the back, the certification of the Jefferson circuit clerk and which satisfies § 13A-5-10.1(a). The appellant contends that these case action summaries are not certified “on their face.” These pages certified on the reverse side were apparently so stamped because there is insufficient space to certify them on the front and the certification would obscure a portion of the record. It is obvious from each page that the certification applies to that page. This argument is without merit.
The appellant also argues that each conviction is not attested to in accordance with § 12-21-70, Code of Alabama 1975. That section, however, pertains to the “[ajuthenti-cation of foreign state, territory or country’s legislative acts” and their effects. Thus, this contention is also without merit.
Based on the foregoing, the judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.