ON REMAND FROM THE ALABAMA SUPREME COURT
PATTERSON, Judge.
The appellant, Maxwell C. Gray, Jr., was convicted of robbery in the first degree and was sentenced as a habitual offender to life imprisonment without the possibility of parole. He appealed and, on original submission, we remanded the case for a new sentencing hearing. Gray v. State, 597 So.2d 238 (Ala.Cr.App.1992). After a hearing, he was again sentenced to life imprisonment without the possibility of parole. On resubmission, we affirmed the conviction and sentence. Gray v. State, 658 So.2d 507 (Ala.Cr. *511 App.1992). The Alabama Supreme Court granted the appellant’s petition for certiorari review on March 17, 1993, and on June 11, 1993, reversed this court’s judgment and remanded the case to this court with instructions that we remand the case to the trial court for it to determine whether the appellant had been denied effective assistance of counsel. Ex parte Gray, 658 So.2d 509 (Ala. 1993). The Alabama Supreme Court issued its certificate of judgment on June 11, 1993; however, it was not transmitted to this court until November 30, 1993. In the meantime, the trial court, although without jurisdiction to do so, held a hearing on September 29, 1993, to determine whether the appellant had been denied effective assistance of counsel and, on November 22, 1993, filed a return with the Alabama Supreme Court, which consisted of a transcript of the proceeding below and an order finding that the appellant had not been denied effective assistance of counsel. The Alabama Supreme Court transmitted the return to this court on November 29, 1993.
The record clearly shows that at the time the trial court conducted the hearing on the issue of the ineffectiveness of the appellant’s trial counsel and issued its findings and order, it did not have jurisdiction of the case. At that time, the case was pending in the Supreme Court. Under the circumstances presented here, the trial court could not obtain jurisdiction until this court remanded the case to it. There being no proper remand from this court, the trial court’s order resulting from the hearing held on September 29, 1993, was a nullity.
Therefore, in accordance with the remand from the Alabama Supreme Court, we remand this case to the trial court with instructions that it conduct a hearing and determine whether the appellant was denied effective assistance of counsel. Because such a hearing has already been held, in the interest of time and judicial economy, we suggest that the trial court determine whether the parties would be willing to enter into a stipulation of the facts. If either party refuses to do so, a new hearing must be held. In either case, the trial court must reconsider the evi-denee presented and enter a new order containing findings of fact.
The trial court shall take all action directed in sufficient time to permit the circuit clerk to make a proper return to this court at the earliest possible time within 60 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
All Judges concur.