MOORE, Judge.
This is the second time these parties have been before this court. In M.G. v. J.T., 90 So.3d 762 (Ala.Civ.App.2012), M.G. (“the mother”) appealed from a judgment of the Cullman Juvenile Court (“the juvenile court”) declaring B.L.T. (“the child”) dependent and awarding custody of the child to J.T., the child’s stepmother (“the stepmother”). We concluded that the juvenile court’s judgment had not been entered in accordance with due process and, thus, that the judgment was void. M.G., 90 So.3d at 766. Therefore, on February 24, 2012, we dismissed the mother’s appeal with instructions to the juvenile court to set aside its void judgment. Id.
On February 27, 2012, the juvenile court scheduled the cause for a hearing to be held on March 1, 2012. This court’s certificate of judgment was issued on March 15, 2012. On March 29, 2012, after conducting the hearing on March 1, the juvenile court entered a judgment, again finding the child dependent and awarding custody of the child to the stepmother. The mother again appeals.
We first address the issue whether the juvenile court had subject-matter jurisdiction to conduct the hearing and enter its judgment. Ex parte Alabama Dep’t of Human Res., 999 So.2d 891, 895 (Ala.2008) (quoting Ex parte Smith, 438 So.2d 766, 768 (Ala.1983)) (“ ‘[I]t is the duty of an appellate court to consider lack of subject-matter jurisdiction ex mero motu.’ ”).
“ ‘It is well settled that “[o]nce an appeal is taken, the trial court loses jurisdiction to act except in matters entirely collateral to the appeal.” ’ Portis v. Alabama State Tenure Comm’n, 863 So.2d 1125, 1126 (Ala.Civ.App.2003) (quoting Ward v. Ullery, 412 So.2d 796, 797 (Ala.Civ.App.1982)). Further,
‘“Alabama law is clear that “[j]uris-diction of a case can be in only one court at a time.” Ex parte State ex rel. O.E.G., 770 So.2d 1087, 1089 (Ala.2000). Furthermore, “while an appeal is pending, the trial court ‘can do nothing in respect to any matter or question which is involved in the appeal, and which may be adjudged by the appellate court.’ ” Reynolds v. Colonial Bank, 874 So.2d 497, 503 (Ala.2003) (quoting Foster v. Greer & Sons, Inc., 446 So.2d 605, 608 (Ala.1984)).’
“Johnson v. Willis, 893 So.2d 1138, 1141 (Ala.2004).
[[Image here]]
‘We also note that, until an appellate court enters its certificate of judgment, its decision is not yet final and its jurisdiction over a case is not terminated. See Rule 41(a), Ala. R.App. P. (an appellate court’s ‘certificate of judgment ... shall issue 18 days after the entry of judgment unless the time is shortened or enlarged by order’); see also Portis, 863 So.2d at 1126; and Veteto v. Yocum, 792 So.2d 1117, 1119 (Ala.Civ.App.2001).”
Landry v. Landry, 91 So.3d 88, 89-90 (Ala.Civ.App.2012).
In the present case, the juvenile court held a hearing on March 1, 2012, which was before this court issued its certificate of judgment on March 15, 2012. Therefore, at the time of the hearing, this court’s jurisdiction over the case had not terminated, and the juvenile court had not reacquired jurisdiction over the case. Landry, 91 So.3d at 90. A judgment cannot be entered upon evidence obtained at a hearing that was held at a time when the trial court did not have subject-matter jurisdiction. See, e.g., Gray v. State, 658 So.2d 510, 511 (Ala.Crim.App.1994) (holding that, unless parties would stipulate to *1234 the facts, a new hearing must be held when the previous hearing had been held at a time when the trial court lacked subject-matter jurisdiction).
Based on the foregoing, we conclude that the juvenile court’s March 29, 2012, judgment is void for lack of subject-matter jurisdiction. We, therefore, dismiss the appeal, albeit with instructions to the juvenile court to set aside its void judgment. Like the Court of Criminal Appeals in Gray, we instruct the juvenile court that, before entering a new judgment, it must conduct a new hearing unless the parties enter into a stipulation of the facts. 658 So.2d at 511.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
THOMAS, J., recuses herself.