THOMAS, Judge.
The Marshall County Department of Human Resources (“DHR”) seeks a writ of mandamus directing the Marshall Juvenile Court (“the juvenile court”) to terminate the “visitation” of J.V. (“the father”) with J.J.V. (“the child”). This is the second *520 time the parties have appeared before this court. See Marshall Cty. Dep’t of Human Res. v. J.V., 203 So.3d 1243 (Ala.Civ.App. 2016).
On July 2, 2015, the juvenile court entered a judgment awarding legal and physical custody of the child to the father and ordering that- the transition of. custody of the child, who had been in the care of foster parents, be accomplished no.later than July 27, 2015. J.V., 203 So.3d at 1247. DHR appealed the juvenile court’s judgment to this court, arguing both that the award of custody to the father was not supported by the evidence and that such an immediate transition of custody was not in the child’s best interest. Id. at 1247-49. DHR sought, and this court granted, a stay of the transition of custody pending resolution of DHR’s appeal. Id. at 1247. On February 26, 2016, this court issued its opinion affirming the award of custody to the father but reversing the immediate transition of the child to the father’s custody. Id, at 1254. This court suggested that further transitioning be instituted so as to strengthen the relationship between the child and the father. Id. at 1254.
In compliance with our decision, the juvenile court entered an order on April 3, 2016, setting out the transition plan to which the parties had agreed, which included increasingly longer periods of visitation with a- custody-transition date of July 1, 2016. That order provided that the father was to have unsupervised visitation with the. child from May 27, 2016, to May 30, 2016. On May 26, 2016, DHR filed what it describes in its mandamus petition as a “Motion for Emergency Order to Cease Visitation”[1] in the juvenile court, which, we presume, was supported by the report of Lois W. Petrella, a psychologist who had evaluated the child on May 13, 2016. Although we do not have the motion that DHR filed in the juvenile court before us, DHR appears to have sought an order terminating what it described as the father’s visitation based on allegations that the child was threatening to harm herself or to run away from the father’s home if forced to visit or to live with him. The juvenile court denied DHR’s motion. DHR then filed a motion to stay the impending May 2'7 through 30, 2016, visitation, which the juvenile court also denied.
DHR then filed an emergency motion to stay and a petition for the writ of mandamus in this court. The mandamus petition seeks , an order from this court compelling the juvenile court to “terminate visitation between the child and the father,” based on the premise that the juvenile court abused its discretion in not terminating visitation as requested. This court granted the stay pending resolution of this petition,, which we now deny.
“ ‘ “Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” ’ ”
Ex parte A.M.P., 997 So.2d 1008, 1014 (Ala.2008) (quoting Ex parte Perfection Siding, Inc,, 882 So.2d 307, 309-10 (Ala. 2003), quoting in turn Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995)).
DHR cannot show a clear legal right to the relief it seeks in its petition. The visitation of which DHR now complains is not true visitation. The visitation *521 awarded in the April 3, 2016, order is transitional visitation aimed at preparing the child for the transition of custody to the father. DHR’s request that we order the juvenile court to “terminate” the father’s visitation is in essence a request that we order the juvenile court to modify the award of custody to the father.
However, this court has affirmed the award of custody of the child to the father. J.V., 203 So.3d at 1254. DHR did not seek certiorari review of this court’s February 26, 2016, decision. The award of custody to the father'has therefore become the law of the case. Ex parte S.T.S., 806 So.2d 336, 341 (Ala.2001).
“The issues decided by an appellate court become the law of the case on remand to the trial court, and the trial court is not free to reconsider those issues. Murphree v. Murphree, 600 So.2d 301 (Ala.Civ.App.1992). According to the doctrine of the law of the case, ^whatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be the facts of the ease.’ Blumberg v. Touche Ross & Co., 514 So.2d 922, 924 (Ala. 1987).”
Ex parte S.T.S., 806 So.2d at 341. The child’s custody is to be vested in the father at the completion of the transitional period, and thé juvenile court is not free to alter the custody award merely upon motion of the parties.
DHR’s allegations that the child has harmed herself and has threatened to run away from the father’s residence,-although nearly identical to testimony presented at the July 2015 evidentiary hearing before the entry of the July 2, 2015, judgment giving rise to the appeal- in J.V., are, in fact, allegations, presumably supported by new evidence, regarding the child’s, best interests. The juvenile court may consider those allegations and any such new evidence in a modification action. However, DHR’s attempt to present new evidence to alteré the award of custody in this action cannot succeed.'
Accordingly, DHR’s petition for the writ of mandamus is denied. This court’s stay order is lifted.
PETITION DENIED-
PITTMAN and MOORE, JJ., concur.
DONALDSON, J., concurs in the result, without writing.
THOMPSON, P.J., dissents, with writing.

. DHR has not provided a copy of that motion in the materials appended to its petition for the writ of mandamus.