THOMAS, Judge.
The Marshall County Department of Human Resources ("DHR") has petitioned this court for a writ of mandamus directed to the Marshall Juvenile Court ("the juvenile court") requiring that court to cancel an evidentiary hearing set for October 16, 2017, and to order preparation of the transcripts of two hearings, which were held on May 1, 2017, and June 21, 2017. This matter has been before this court on six other occasions: Marshall County Department of Human Resources v. J.V., 152 So.3d 370 (Ala. Civ. App. 2014) ; Marshall County Department of Human Resources v. J.V., 203 So.3d 1243 (Ala. Civ. App. 2016) (" J.V. I"); Ex parte Marshall County Department of Human Resources, 234 So.3d 519 (Ala. Civ. App. 2016) (" J.V. II");[1]
*1100 Ex parte Marshall County Department of Human Resources, 231 So.3d 325 (Ala. Civ. App. 2016) (mandamus petition denied by order) (table); Ex parte Marshall County Department of Human Resources (No. 2160757, July 10, 2017), --- So.3d ---- (Ala. Civ. App. 2017) (mandamus petition granted by order) (table); and Marshall County Department of Human Resources v. J.V. (No. 2160761, July 14, 2017), --- So.3d ---- (Ala. Civ. App. 2017) (appeal dismissed by order) (table).
This matter began in 2009, when DHR removed J.V.V. ("the child") from the custody of M.M.T. ("the mother") and placed the child in foster care. J.V. I, 203 So.3d at 1244. J.V. ("the father") resided in Florida when the child was removed from the mother's custody. Id. The father was awarded supervised visitation with the child in 2010 and unsupervised visitation with the child in December 2010 and January 2011. Id. The foster parents with whom the child was living accused the father of sexually abusing the child. Id. The father was criminally charged; however, the charges were later dropped. Id. at 1245. While the criminal charges were pending, the father spent 17 months in jail between October 2011 and February 2013. After the criminal charges were dropped, the father was transferred to a detention facility in Louisiana on an immigration hold, where he remained until September 2014, when he was released; he then moved to Georgia. Id. Although DHR had sought the termination of the father's parental rights during that period, the juvenile court had denied DHR's petition. Id.
In November 2014, the father filed a petition in the juvenile court seeking custody of the child. Id. The juvenile court, after a trial, entered an order in December 2014 requiring DHR to prepare a plan to transition custody of the child to the father and to have a home study performed on the father's home in Georgia. Id. However, that order was not a final custody judgment because it did not transfer custody of the child to the father but, rather, set the matter " 'for further review on disposition.' " Id. at 1246. Further review hearings were held on March 23, 2015, and May 12, 2015, to develop the transition plan. A May 2015 order indicated that physical custody of the child would be placed with the father on July 27, 2015, if Georgia approved the father's home for placement after a home study. Id.
On June 23, 2015, DHR moved for an evidentiary hearing. Id. at 1247. In its motion, DHR explained that Georgia had not approved the father's home for placement and that the child was not prepared to transition to the father's home. Id. After the requested hearing, the juvenile court entered a judgment on July 2, 2015, which ordered that legal and physical custody of the child be transferred to the father and that the transfer of physical custody occur no later than July 27, 2015, as required by the May 2015 order. Id. DHR appealed from that judgment. Id. We affirmed the judgment insofar as it awarded custody of the child to the father. Id. at 1253. However, we reversed the judgment insofar as it ordered the transition of custody to take place in July 2015, explaining that, based on the evidence before the juvenile court, "the father and the child do not have a relationship strong enough to accomplish the transition of custody" and concluding that "the child's best interest would [not] be served by immediately awarding custody to the father." Id. at 1254.
*1101 Upon remand, the juvenile court entered an order on April 3, 2016, in which it outlined a transition plan to which the parties had agreed. J.V. II, 234 So.3d at 520. The plan provided that the father would have unsupervised visitation with the child on the weekend of May 27, 2016, to May 30, 2016. Id. at 520. On May 26, 2016, DHR filed a motion seeking to prevent that visitation from occurring based on allegations that the child had attempted to harm herself and that visitation with the father would not be safe for the child; the juvenile court denied that motion. Id. at 520. DHR also filed a motion seeking to stay the visitation, which the juvenile court also denied. Id. at 520.
DHR then filed an emergency petition for the writ of mandamus in this court, in which it sought an order "compelling the juvenile court to 'terminate visitation between the child and the father.' " Id. at 520. We construed the request to terminate visitation as being a request to modify the award of custody to the father. Id. at 521. Based on that characterization, we determined that DHR was not entitled to the relief it sought in the petition. Id. at 521. In our opinion, we explained that the award of custody to the father had become the law of the case and that DHR's allegations were, in fact, new allegations supported by new evidence that had come into existence after the entry of the April 3, 2016, order and could be presented to the juvenile court only by way of a petition for modification. Id. at 521.
After the issuance of our opinion in J.V. II, DHR filed a petition for the writ of mandamus in our supreme court. See Ex parte Marshall Cty. Dep't of Human Res., 233 So.3d 345 (Ala. 2017) (" J.V. III"). That court issued an opinion on March 31, 2017, in which it determined that the April 3, 2016, custody order was not a final custody judgment incapable of alteration because, the court reasoned, in dependency cases there are typically a series of appealable dispositional custody orders and, the court noted, the April 3, 2016, order indicated that further review of the transition would occur on October 3, 2016. J.V. III, 233 So.3d at 355. Our supreme court also explained that, because the April 3, 2016, order was not a final custody judgment, "the juvenile court was free to take into account evidence regarding matters occurring after the entry of its April 2016 order and before any order that it might issue on October 3, 2016, in determining whether a modification of the terms of transition was warranted." Id. at 355. The supreme court observed that the juvenile court had not held a hearing on the allegations regarding the child's mental health and safety that DHR had made in its May 2016 filings in the juvenile court. Id. at 357. Specifically, our supreme court stated that "the juvenile court should have scheduled a hearing so that it could properly evaluate any evidence DHR might present ... as to the alleged change in the child's circumstances after the entry of the April 2016 order." Id. at 357.
After the issuance of our supreme court's certificate of judgment in J.V. III, upon request of the father, the juvenile court set the hearing referenced in the supreme court's opinion for July 13, 2017. DHR objected to the July 13, 2017, hearing and also filed a motion for a summary judgment in which it argued that the supreme court's decision in J.V. III had resolved the issue regarding custody finally and conclusively in favor of DHR. The juvenile court, after a hearing, denied DHR's motion for a summary judgment on June 21, 2017, and DHR filed both a notice of appeal to our supreme court and a petition for the writ of mandamus in our supreme court. Both the appeal and the petition were transferred to this court because, *1102 as they both arose from a dependency and custody matter, they fell within our subject-matter jurisdiction, see Ala. Code 1975, § 12-3-10 ; the appeal was assigned case no. 2160761 and the petition was assigned case no. 2160757.
We dismissed DHR's appeal of the denial of its motion for a summary judgment by order (case no. 2160761), citing Continental Casualty Co. v. SouthTrust Bank, N.A., 933 So.2d 337, 340 (Ala. 2006), because the order denying DHR's motion for a summary judgment was not capable of supporting an appeal. We further noted in our order that DHR's alternative request that this court allow DHR to pursue a Rule 5, Ala. R. App. P., permissive appeal was precluded by Rule 5. See Committee Comments, Rule 5 (stating that the rule does not "apply to cases appealable to the Court of Civil Appeals").[2] We granted DHR's petition for the writ of mandamus (case no. 2160757), which sought the cancellation of the July 13, 2017, hearing, by order because the filing of the notice of appeal in case no. 2160761 had removed jurisdiction over the action from the juvenile court, and it therefore lacked the authority to conduct the July 13, 2017, hearing or to otherwise act on the matter until this court concluded its review and entered a certificate of judgment. See M.G. v. J.T., 105 So.3d 1232, 1233 (Ala. Civ. App. 2012) (explaining that until this court issues its certificate of judgment on a matter, a lower court does not have jurisdiction to act on that matter).
After the resolution of DHR's most recent petition and appeal, the father again filed in the juvenile court a motion to set the matter for an evidentiary hearing. DHR again objected to the father's request. Although the juvenile court at first declined to set a hearing because it was unaware that the appeal (case no. 2160761) had been dismissed, it later placed the father's request on an August 16, 2017, motion docket. On August 17, 2017, the juvenile court entered an order setting an evidentiary hearing for October 16, 2017.
In addition, while the parties were litigating the father's right to a hearing, DHR requested, on June 28, 2017, that the juvenile court order transcription of the hearings held on May 1, 2017, and June 21, 2017. The juvenile court did not rule on that motion. DHR renewed its motion on July 17, 2017; again, the juvenile court did not act on the motion. On August 16, 2017, DHR made a third request for the transcription of the May 1, 2017, and June 21, 2017, hearings. The juvenile court still did not rule on the motion.
On August 25, 2017, DHR timely filed its petition for the writ of mandamus seeking review of the August 17, 2017, order setting an evidentiary hearing in the father's custody action. In its petition, DHR also requests that we order the juvenile court to authorize preparation of the May 1, 2017, and June 21, 2017, hearing transcripts. We called for an answer to the petition, which has been filed. After a review of the materials submitted to this court, we deny the petition in its entirety.
" ' "Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." ' "
*1103 Ex parte A.M.P., 997 So.2d 1008, 1014 (Ala. 2008) (quoting Ex parte Perfection Siding, Inc., 882 So.2d 307, 309-10 (Ala. 2003), quoting in turn Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995) ).
We first consider DHR's request that we order the juvenile court to authorize transcription of the May 1, 2017, and June 21, 2017, hearings. DHR relies on Ex parte Montgomery County Department of Human Resources, 10 So.3d 31 (Ala. Civ. App. 2008), to support its argument that it is entitled to a transcript of an evidentiary hearing under Rule 20, Ala. R. Juv. P. Indeed, our court has explained that, under former Rule 20, a juvenile court lacked the authority to deny such a request from a party who is willing to pay for the cost of a transcript because the rule provided that an evidentiary hearing " 'shall be transcribed ... upon the request of any party at the party's own expense.' " Ex parte Montgomery Cty. Dep't of Human Res., 10 So.3d at 39 (quoting former Rule 20(B) ) (emphasis omitted). However, Rule 20, Ala. R. Juv. P., has been amended twice since it was construed in Ex parte Montgomery County Department of Human Resources, and the portion of the rule discussed in that opinion no longer exists. DHR also relies on Rule 29, Ala. R. Jud. Admin., as support for its argument that it is "entitled to transcripts [of the May 1, 2017, and June 21, 2017,] hearings for 'the purpose of taking an appeal from such proceedings or for any other purpose.' " However, Rule 29 does not discuss the rights of the parties to a transcript; instead, it is concerned with how a transcript is compiled and the fees a court reporter may charge for a transcript.
Nonetheless, we need not decide whether, under the current version of Rule 20, Ala. R. Juv. P., a party seeking review of a juvenile court's order is entitled to a transcript of an evidentiary hearing upon which that order is based if the party is prepared to pay for that transcript. DHR has not explained the type of hearings that were held on May 1, 2017, and June 21, 2017. We note that DHR is vehemently objecting to the holding of an evidentiary hearing in this matter, and the father describes both hearings in question as "motion hearings" and states that no evidence was taken at either. We further note that the order denying DHR's motion for a summary judgment was entered on June 21, 2017, indicating that the hearing on that date may well have been a hearing held on that motion. Assuming without deciding that DHR would be entitled to a transcription of an evidentiary hearing under Rule 20 as it is currently written, DHR has failed to demonstrate that it seeks transcription of an evidentiary hearing. Thus, it has not established a clear, legal right to an order compelling the juvenile court to order transcription of the May 1, 2017, and the June 21, 2017, hearings.
We turn now to DHR's argument that it is entitled to an order requiring the juvenile court to cancel the evidentiary hearing set for October 16, 2017, at which the juvenile court intends to consider DHR's May 2016 motions, which sought to forestall the transfer of custody to the father under the now-vacated April 3, 2016, order. DHR argues that our supreme court's opinion in J.V. III"conclusively decided the issue of the father's request to modify custody of the child" and that the juvenile court has already denied its May 2016 motions, preventing their reconsideration. We cannot agree with DHR's reading of J.V. III.
Although our supreme court in J.V. III did, as DHR contends, set aside the April 3, 2016, custody order, it did so after concluding that the April 3, 2016, custody order was not a final custody judgment.
*1104 Because the April 3, 2016, custody order was not a final custody judgment, the supreme court observed that this court had incorrectly concluded that DHR had to seek modification of the April 3, 2016, custody order if it desired to modify that order based on facts and circumstances that had developed or occurred after the entry of the April 3, 2016, custody order. J.V. III, 233 So.3d at 355. Instead, our supreme court explained, the juvenile court should have held a hearing on allegations regarding the child's mental health and safety that DHR had made in May 2016 filings in the juvenile court and should have considered "whether a modification of the terms of transition was warranted." Id.
DHR reads the opinion in J.V. III to somehow resolve the father's claim for a modification of custody:
"DHR maintains that there are no pending custody matters before the court in [the father's custody action] for which further disposition or any action is needed in the juvenile court. The issue of custody in [the father's custody action] was resolved by the final, conclusive decision from the Supreme Court. The juvenile court abused its discretion when it scheduled a trial for October 16, 2017. The juvenile court lacks jurisdiction to conduct a trial on custody when there is no petition properly before it. The decision of the Supreme Court became the law of the case, and [the father's] motion for further disposition is barred by res judicata. Greene v. Jefferson County Comm'n, 13 So.3d 901 (Ala. 2008)."
DHR does not explain how our supreme court's vacation of the April 3, 2016, custody order by issuing a writ of mandamus concluded the litigation by terminating the father's custody action. We see no support for that conclusion in J.V. III.[3]
Contrary to DHR's position, our supreme court did not "conclusively determine the issue of the father's request to modify custody of [the child]." In fact, it appears that, in light of the vacation of the April 3, 2016, temporary custody order, the question regarding the appropriate visitation and transition plan remains open. The father and the juvenile court are attempting to comply with the supreme court's direction to have an evidentiary hearing on the allegations raised by DHR in its May 2016 filings so that the issue of the appropriate terms of transition can be decided. DHR has fought their attempts at every turn, further delaying this matter, which began eight years ago. Based on our reading of J.V. III, which does not conclusively determine the custody issue in favor of DHR or conclude the litigation over the appropriate terms of transition, DHR cannot establish a clear legal right to have the evidentiary hearing set for October 16, 2017, canceled.
Because DHR is unable to establish that it has a clear, legal right to the relief it seeks in this petition, we deny the petition.
PETITION DENIED.
Pittman and Donaldson, JJ., concur.
Thompson, P.J., and Moore, J., concur in the result, without writings.

For the sake of consistency, we use the same case designations-e.g., J.V. I and J.V. II-that the Alabama Supreme Court used in Ex parte Marshall County Department of Human Resources, 233 So.3d 345 (Ala. 2017), which also involved the same parties.

We note that in the present petition DHR has again asked, as alternative relief, that we entertain a Rule 5 permissive appeal despite our clear explanation in the order dismissing its appeal in case no. 2160761 that such relief is unavailable in this court.

Perhaps DHR is under the impression that the April 3, 2016, custody order was reversed; however, even if that had been the case, nothing in the supreme court's opinion indicates that it is rendering a final custody judgment in favor of DHR.