THOMAS, Judge.
*1106 This is the eighth time the Marshall County Department of Resources ("DHR") and J.V. ("the father") have appeared before this court in an appellate proceeding regarding the custody of J.V.V. ("the child"). For the history of the litigation between these parties, see Marshall County Department of Human Resources v. J.V., 152 So.3d 370 (Ala. Civ. App. 2014) ; Marshall County Department of Human Resources v. J.V., 203 So.3d 1243 (Ala. Civ. App. 2016) ; Ex parte Marshall County Department of Human Resources, 234 So.3d 519 (Ala. Civ. App. 2016);Ex parte Marshall County Department of Human Resources, 231 So.3d 325 (Ala. Civ. App. 2016) (mandamus petition denied by order) (table); Ex parte Marshall County Department of Human Resources (No. 2160757, July 10, 2017), --- So.3d ---- (Ala. Civ. App. 2017) (mandamus petition granted by order) (table); Marshall County Department of Human Resources v. J.V. (No. 2160761, July 14, 2017), --- So.3d ---- (Ala. Civ. App. 2017) (appeal dismissed by order) (table); and Ex parte Marshall County Department of Human Resources, 252 So.3d 1098 (Ala. Civ. App. 2017).
On May 1, 2017, DHR filed a petition in the Marshall Juvenile Court ("the juvenile court") seeking the termination of the parental rights of the father to the child. The petition was served on the father on or about July 5, 2017, and, on July 14, 2017, DHR moved the juvenile court to set the case for trial. The juvenile court set DHR's motion for a hearing to be held on September 6, 2017. The juvenile court canceled that hearing by order entered on August 7, 2017, indicating that it would not act on the termination-of-parental-rights petition because it believed that it lacked jurisdiction to do so until the conclusion of appellate litigation, namely a petition for the writ of mandamus (appellate case no. 2160757) and an appeal (appellate case no. 2160761) filed by DHR in juvenile-court case no. JU-09-300067.05, the father's custody action.
The father immediately informed the juvenile court that both the mandamus petition and the appeal had been ruled on and that this court had issued its certificate of judgment in both cases. On August 8, 2017, DHR again moved the juvenile court to set the termination action for trial. In response, the juvenile court set DHR's motion for a hearing to be held on November 8, 2017.
DHR filed this petition for the writ of mandamus with this court on August 25, 2017. DHR complains that the juvenile court has failed to comply with Ala. Code 1975, § 12-15-320(a), which requires that a juvenile court complete a termination-of-parental-rights trial within 90 days after the petition is served on the parent. DHR complains that the 90-day period within which the trial is to be completed will expire before the juvenile court holds its scheduled hearing on DHR's motion. Thus, it contends, it is entitled to a writ of mandamus[1] to compel the juvenile court to set the termination-of-parental-rights *1107 petition for a trial within the 90-day period.
" ' "Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." ' "
Ex parte A.M.P., 997 So.2d 1008, 1014 (Ala. 2008) (quoting Ex parte Perfection Siding, Inc., 882 So.2d 307, 309-10 (Ala. 2003), quoting in turn Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995) ).
As DHR contends, § 12-15-320(a) requires that a juvenile court complete a termination-of-parental-rights trial within 90 days of the service of the termination-of-parental-rights petition on the parent or parents. The 90th day after July 5, 2017, is October 3, 2017. The juvenile court set DHR's motion for a motion hearing in November; thus, as DHR contends, any trial on the petition will be conducted well after the expiration of the 90-day period, in violation of § 12-15-320(a).
The materials before us demonstrate that the juvenile court was concerned about its jurisdiction to consider the termination petition in light of DHR's appeal of the denial of its summary judgment in the father's custody action.[2] Until the certificate of judgment on this court's dismissal was entered in appellate case no. 2160761, the juvenile court considered itself to lack jurisdiction over the termination-of-parental-rights petition, which is based, in part, on DHR's contention that the father's custody action has been conclusively resolved by the Alabama Supreme Court's vacation, in Ex parte Marshall County Department of Human Resources, 233 So.3d 345 (Ala. 2017), of an April 3, 2016, order in the father's custody action. Although the juvenile court's lack of jurisdiction over the custody action may not have prevented its consideration of the termination-of-parental-rights petition, which instituted a separate action, we understand the juvenile court's desire to await the conclusion of the attempts at appellate review instituted by DHR in the custody action.
However, we agree with DHR that it is entitled to have the trial on the termination-of-parental-rights petition concluded in a timely manner, as required by § 12-15-320(a). The juvenile court has jurisdiction over both the custody action and the termination-of-parental-rights action at the present time, and this court is releasing today an opinion denying DHR's petition for the writ of mandamus in the custody action, which sought cancellation of the October 16, 2017, trial in the custody action. We therefore grant DHR's petition *1108 and order that the juvenile court set a trial on the termination-of-parental-rights petition as soon as is practicable, unless that petition is otherwise resolved.
PETITION GRANTED; WRIT ISSUED.
Thompson, P.J., and Pittman and Donaldson, JJ., concur.
Moore, J., concurs in the result, without writing.

In the alternative, DHR requests that we treat the petition as a request for a permissive appeal pursuant to Rule 5, Ala. R. App. P. As we explained to DHR in the July 14, 2017, order dismissing its appeal of the denial of its motion for a summary judgment in the custody case, appellate case no. 2160761, this court may not consider permissive appeals. See Committee Comments, Rule 5 (stating that the rule does not "apply to cases appealable to the Court of Civil Appeals").

Indeed, the filing of a notice of appeal divests the trial court of jurisdiction over an action. Portis v. Alabama State Tenure Comm'n, 863 So.2d 1125, 1126 (Ala. Civ. App. 2003) (quoting Ward v. Ullery, 412 So.2d 796, 797 (Ala. Civ. App. 1982) )("It is well settled that '[o]nce an appeal is taken, the trial court loses jurisdiction to act except in matters entirely collateral to the appeal.' "); see also Veteto v. Yocum, 792 So.2d 1117, 1119 (Ala. Civ. App. 2001) (explaining that, once an appeal is taken, a trial court may not enter a judgment or order in an action until such time as the appellate court issues its certificate of judgment). However, the filing of a petition for the writ of mandamus, unlike the filing of a notice of appeal, does not remove jurisdiction over the underlying action from the trial court. State v. Webber, 892 So.2d 869, 871 (Ala. 2004) ("The filing of a petition for a writ of mandamus against a trial judge does not divest the trial court of jurisdiction, stay the case, or toll the running of any period for obeying an order or perfecting a filing in the case.").