Rel: December 12, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

_____

### CL-2025-0300

_____

**Demetria Moore**

**v.**

**Donnie Stewart**

**Appeal from Madison Circuit Court**
**(CV-24-901224)**

HANSON, Judge.

Demetria Moore appeals from a judgment entered by the Madison Circuit Court ("the trial court") in favor of Donnie Stewart in an ejectment action commenced by Stewart. For the reasons explained below, we dismiss the appeal.

## Facts and Procedural History

On August 9, 2024, Stewart filed a complaint in the trial court seeking to recover possession of a parcel of property located in Madison County ("the property"). Stewart asserted that she and her mother, Lucille King, had owned the property as joint tenants with the right of survivorship pursuant to a deed dated September 30, 2008. Stewart asserted that King had died on February 10, 2024, and that she had served Moore and her adult son, Deavious Woods, with notice to vacate the property and that they had failed to vacate the property. She said that Moore, Woods, and Moore's other son had lived with King in the house on the property and continued to live there after King's death. Stewart asked that Moore, Woods, and any other occupants be ejected from the property and that Moore and Woods be ordered to pay damages for any damage done to the property during their occupancy. Stewart attached to her complaint the September 30, 2008, deed, and the notice to vacate the property.

On August 16, 2024, Moore filed an answer to the complaint. On August 19, 2024, Woods filed an answer to the complaint. The case-

action summary indicates that Stewart filed a request for a preliminary injunction on September 27, 2024.

On October 24, 2024, the trial court held a hearing at which ore tenus testimony was presented on Stewart's request for a preliminary injunction. Stewart testified that she was now the sole owner of the property based on the September 30, 2008, deed. Stewart explained that she and King had owned the property as joint tenants with the right of survivorship. She said that King had died in February 2024. Stewart stated that she was related to Moore and Woods and that she had asked them to vacate the property. Stewart testified that she had had to pay more to insure the property because she had not been able to "get into [the house] like I needed to" because Moore and Woods were still in the house on the property. Stewart stated that there had been two drive-by shootings on the property. Stewart testified as follows on direct examination:

> "A. I did go by the home, and you could see bullet holes in the back. The neighbor next-door said that all of the glass had been shot out from the back of the house around to the front where they had did the drive-by shooting. And the room that was hit the most was the room where my mother would have been, had she been alive. So I don't know who did the shooting, but all I know, that the house was shot up.

"Q. Okay. And that's caused you to be afraid for the condition of this property. You need to recover possession to be able to repair it?

"A. Yes, yes.

"Q. And these occupants are not paying you rent?

"A. No

"Q. They've never had any kind of contractual relationship with you to occupy this property?

"A. No.

"Q. All right. We are asking the Court to restore possession of the property to you, both permanently and through the temporary injunctions, so that you can make the repairs needed from the bullets.

"A. Yes."

Moore testified that King was her grandmother. Moore explained that she had lived with King for seven years after King had become ill. Moore stated that her two sons had lived with King and had cared for her. Moore testified that she had not had a lease agreement with King. Moore admitted that she was not claiming any ownership interest in the property. Debbie Sledge, Moore's mother, testified that Moore had cared for King. Sledge testified that the property had originally been titled in her mother's and her father's name in 1960 and that her father had died

4

in August 2008. Sledge acknowledged that King had signed the deed with Stewart in September 2008. Sledge testified that she and other relatives were preparing to open estate proceedings as to King.

On October 24, 2024, the trial court entered the following order:

"This cause came before the Court on the Motion For Emergency Hearing filed by the Plaintiff who appeared with counsel of record and the Defendants appeared pro se. Upon consideration of the testimony presented ore tenus, the exhibits attached to the pleadings and the arguments and contentions of the parties, the Court enters the following Order:

"The Plaintiff is granted full and immediate possession of the property …. The Defendants and all other occupants are hereby ejected along with their possessions from the property. The Clerk of Court is hereby directed to issue a writ of possession for the property. The Plaintiff will not be liable or responsible for any personal property left on the property.

"All other issues are reserved for final hearing."

(Capitalization in original.)

On October 31, 2024, Moore filed a motion to vacate the October 24, 2024, order, arguing that Stewart lacked standing to bring her ejectment action because, she said, the September 30, 2008, deed was invalid because no title examination had been performed at the time that deed was executed. Moore also argued that the action should have been brought in the Madison District Court and that, therefore, the trial court

5

lacked jurisdiction over the ejectment action. On November 4, 2024, Moore filed a second motion to vacate the October 24, 2024, order, arguing that the trial court lacked jurisdiction over the action because, she asserted, it was an unlawful-detainer action, not an ejectment action, and that the lack of a title examination had violated her constitutional rights.

On November 4, 2024, the trial court denied Moore's motions. On November 7, 2024, Moore filed a notice of appeal to this court. This court assigned Moore's appeal case no. CL-2024-0896.

While Moore's appeal was pending, Stewart filed a status report with the trial court on December 1, 2024, stating:

> "COMES NOW the undersigned counsel for the Plaintiff and files this status report per this Court's Order issued on November 14, 2024:
>
> "1. This matter is an ejectment case filed regarding real property located [in] Madison County, Alabama. The Plaintiff and Defendants are relatives.
>
> "2. In spite of diligent attempts, the undersigned has not been able to contact or confer with the Defendants regarding this Court's scheduling order.
>
> "3. On October 24, 2024, following a hearing set on the Plaintiff's Motion for Emergency Relief, the Plaintiff was granted full and immediate possession of the subject property.

6

"4. A writ of possession was issued on October 24, 2024, and executed by the Madison County Sheriff on November 15, 2024.

"5. While the issue of possession was resolved, the issue of money damages remains ripe for trial. A trial on the money damages owed in this case would take approximately one hour.

"6. The undersigned does not believe mediation would be a productive pursuit to resolve this matter due to the contentious nature of all proceedings to date.

"7. The Defendants in this matter filed an appeal to the Alabama Court of Civil Appeals on November 7, 2024. The Plaintiff asserts that the appeal was improperly and/or untimely filed, as this matter has no final judgment. See Ala. Code § 12-22-2 and Lloyd v. Cook, 79 So. 3d 635 (Ala. Civ. App. 2010).

"WHEREFORE, the Plaintiff respectfully requests that this action remain set on this Court's docket for the week of December 9, 2024, for hearing."

(Capitalization in original.) On December 4, 2024, the trial court set the matter for a trial on December 23, 2024.

On December 9, 2024, Moore filed a motion in this court seeking to stay the trial proceedings while her appeal was pending. On December 19, 2024, this court entered the following order in Moore's appeal:

"The appellant's motion to stay is denied without prejudice to the appellant first filing such a motion, or attempting to execute a supersedeas bond, in the trial court. See Rule 8(a) and (b), Ala. R. App. P."

7

On December 23, 2024, following a trial, the trial court entered the following judgment:

> "This matter came for trial on this date and the Plaintiff appeared through counsel and the Defendants failed to appear. The court having considered the pleadings of the parties and the evidence presented at trial, after consideration of the same and review of all relevant and applicable law, it is hereby ORDERED, ADJUDGED and DECREED that the Plaintiff shall have and recover of the Defendants the sum of $16,848.00, plus costs of the herein action, all for which execution may issue. All other relief is hereby denied."

(Capitalization in original.)

On December 24, 2024, Moore filed a motion to stay execution of the judgment in the trial court pending the outcome of her appeal. On December 30, 2024, the trial court entered an order setting a supersedeas bond of $16,848 to stay execution of the judgment. On January 9, 2025, Moore filed a Rule 60(b), Ala. R. Civ. P., motion. The trial court denied the motion that same day.

On January 13, 2025, Moore filed a second motion to stay in this court. On January 27, 2025, this court entered the following order:

> "IT IS ORDERED, by the court, that the appeal in the above-styled cause be, and the same is hereby, DISMISSED as from a nonfinal judgment or order. The appellant's second motion for a stay is denied as moot. The trial court is directed

8

to vacate its order of December 23, 2024, as a ruling on an issue pertinent to the litigation while this court had jurisdiction over the matter, and to refrain from reentering such order until this court issues its certificate of judgment. See, e.g., Horton v. Horton, 822 So. 2d 431, 434 (Ala. Civ. App. 2001) (explaining that the filing of a notice of appeal divests the trial court of jurisdiction and that any orders entered thereafter are considered a nullity).

"IT IS FURTHER ORDERED that the costs be taxed against the appellant as provided by Rule 35, Ala. R. App. P."

(Capitalization in original.)

On April 4, 2025, Stewart filed a motion for "re-entry of order,"

stating:

"COMES NOW the Plaintiff, by and through [her] undersigned counsel, and moves this Honorable Court to re-enter its Order dated December 23, 2024, granting the Plaintiff a money judgment in the amount of $16,848.00 against the Defendants, jointly and severally. In support thereof, the Plaintiff states as follows:

"1. This action is an ejectment matter filed between family members. The Defendants appealed the Court's order of possession entered in this matter to the Alabama Court of Civil Appeals (see action no. CL-2024-0896).

"2. The Defendants' appellate case was DISMISSED by the Court of Civil Appeals on January 27, 2025. In its dismissal order, the Court of Civil Appeals ordered this Court to vacate its December 23, 2024, order and refrain from re-entering such Order until the Certificate of Judgment was issued by the Court of Civil Appeals.

9

"3. The Court of Civil Appeals issued its Certificate of Judgment on February 18, 2025. The Certificate was entered into the file of this case on the same date.

"4. Re-entry of this Court's earlier Order is now necessary for final judgment to be rendered in this matter. WHEREFORE, premises considered, the Plaintiff respectfully requests that this Honorable Court Re-enter its December 23, 2024, Order, and Grant any other such relief to which it finds the Plaintiff entitled."

(Capitalization in original.)

On April 8, 2025, the trial court vacated its December 23, 2024, judgment. Also on April 8, 2025, the trial court entered the following judgment:

"Pursuant to the Order of the Alabama Court of Civil Appeals issued in this action, this Court's December 23, 2024 Order is hereby REISSUED effective April 4, 2025:

"This matter came for trial on December 23, 2024. The Plaintiff appeared through counsel and the Defendants failed to appear.

"The court having considered the pleadings of the parties and the evidence presented at trial, after consideration of the same and review of all relevant and applicable law, it is hereby ORDERED, ADJUDGED and DECREED that the Plaintiff shall have and recover of the Defendants the sum of $16,848.00, plus costs of the herein action, all for which execution may issue. All other relief is hereby denied."

(Capitalization in original.)

On April 16, 2024, Moore filed a motion to vacate the trial court's April 8, 2025, judgment, arguing that while her appeal was pending the trial court had lacked jurisdiction to hold a trial on December 23, 2024, and enter a judgment and that the "reissue" of that same judgment on April 8, 2025, violated her due-process rights. On April 25, 2025, Moore filed a petition for a writ of mandamus directing the trial court to vacate its April 8, 2025, judgment for lack of subject-matter jurisdiction. On May 1, 2025, this court entered an order treating the mandamus petition as an appeal; a record was subsequently compiled, and briefs were filed by the parties.[1]

## Discussion

Moore argues, among other things, that the trial court's reissued judgment violated her due-process rights because, she says, the trial court was divested of jurisdiction to hold a trial and enter a judgment on December 23, 2024, and, therefore, erred in reissuing a void judgment on

---

[1]This appeal was held in abeyance pursuant to Rule 4(a)(5), Ala. R. App. P., because the trial court had not ruled upon Moore's postjudgment motion to vacate the April 8, 2025, judgment. Subsequently, the postjudgment motion was denied by operation of law, and Moore's appeal was no longer held in abeyance.

11

CL-2025-0300

April 8, 2025.

> "'[T]he general rule is that a trial court is divested of its jurisdiction during a pending appeal,' but 'a trial court may proceed in matters that are entirely "collateral" to the appeal.' Reynolds v. Colonial Bank, 874 So. 2d 497, 503 (Ala. 2003). 'Collateral' matters are those that 'd[o] not raise any question going behind the [judgment] appealed from, nor [do they] raise any question decided by that [judgment].' Osborn v. Riley, 331 So. 2d 268, 272 (Ala. 1976). More broadly speaking, collateral matters 'd[o] not involve the "rights and equities" relative to the question on appeal.' Colonial Bank, 874 So. 2d at 503 (quoting Osborn, 331 So. 2d at 272)."

Vesta Fire Ins. Corp. v. Liberty Nat'l Life Ins. Co., 893 So. 2d 395, 412 (Ala. Civ. App. 2003).

On November 7, 2024, Moore filed a notice of appeal from the trial court's order entered on October 24, 2024. While Moore's appeal was pending in this court, the trial court was divested of jurisdiction of Stewart's ejectment action except to address matters collateral to the issues raised in Moore's appeal. Although Moore's appeal was later dismissed by this court as having been taken from a nonfinal judgment, this court had jurisdiction to determine whether we had jurisdiction to hear and decide the appeal. See Denault v. Federal Nat'l Mortg. Ass'n, 284 So. 3d 913, 922 (Ala. Civ. App. 2019) (holding that it is a settled jurisprudential principle that an appellate court must initially consider

12

whether it has jurisdiction to hear and decide an appeal); see also Reynolds v. Colonial Bank, 874 So. 2d 497 (Ala. 2003) (holding that jurisdiction of a case can be in only one court at a time and that, while an appeal is pending, the trial court can do nothing in respect to any matter or question that is involved in the appeal).

While Moore's appeal was pending, the trial court held a trial and entered a judgment on December 23, 2024. On January 27, 2025, this court determined that Moore's appeal should be dismissed as having been taken from a nonfinal judgment. In our order, this court directed the trial court to vacate its December 23, 2024, judgment because the judgment amounted to a ruling on an issue pertinent to Moore's appeal while this court had jurisdiction over the action. This court also ordered the trial court to refrain from reentering that judgment until after this court issued its certificate of judgment.

In Horton v. Horton, 822 So. 2d 431 (Ala. Civ. App. 2001), a husband filed a complaint seeking a divorce from his wife as well as, among other things, custody of the parties' minor child. The trial court in that case entered a September 14, 2000, order awarding the parties joint custody and stating that, "'[a]fter the property issues have been settled or

13

adjudicated in this case, the Court will incorporate this custody order into a final judgment.'" 822 So. 2d at 433. On October 10, 2000, the trial court set the case for trial on December 5, 2000. On October 25, 2000, the husband filed a notice of appeal to this court from the September 14, 2000, custody order. The wife filed a motion to dismiss the appeal on the ground that it was not taken from a final judgment. This court ultimately dismissed that appeal. However, on December 19, 2000, while the husband's appeal of the custody order was still pending in this court, the trial court entered a judgment of divorce that incorporated a stipulation and agreement of the parties and addressed the remaining contested issues in that case. The husband subsequently filed a notice of appeal to this court from the trial court's December 19, 2000, judgment. We held:

> "As we have stated, the husband filed a notice of appeal on October 25, 2000. 'Once an appeal is taken, the trial court loses jurisdiction to act except in matters entirely collateral to the appeal.' Ward v. Ullery, 412 So. 2d 796, 797 (Ala. Civ. App. 1982). The husband's notice of appeal, although premature, had the effect of divesting the trial court of jurisdiction to rule upon the remaining issues in the divorce action until the appeal had been disposed; thus, the December 19, 2000, 'judgment' is a nullity. See Etheredge v. Genie Indus., Inc., 632 So. 2d 1324, 1325 (Ala. 1994) (holding that purported written order, entered after filing of notice of appeal from oral 'order,' was a nullity and would not support an appeal); accord, R.H. v. J.H., 778 So. 2d 839 (Ala. Civ. App. 2000). See also Thames v. Gunter-Dunn, Inc., 365 So. 2d 1216

14

(Ala. 1979), and <u>Foster v. Greer & Sons, Inc.</u>, 446 So. 2d 605, 608-09 (Ala. 1984) (noting general rule that 'jurisdiction of a case can be in only one court at a time' and stating that until an appellate court concludes that it lacks jurisdiction over an appeal, both the trial and the appellate court are 'bound by' the presumption that the appellate court does have jurisdiction). Therefore, because the trial court has not effectively adjudicated the issues in this case, other than custody, the procedural posture of this appeal is no different than that in the husband's first appeal: there is no valid, final judgment for this court to review."

<u>Horton</u>, 822 So. 2d at 434 (footnotes omitted).

In <u>M.G. v. J.T.</u>, 105 So. 3d 1232 (Ala. Civ. App. 2012), a mother had appealed from a judgment of a juvenile court declaring her child dependent and awarding custody of the child to the child's stepmother. This court concluded that the juvenile court's judgment had not been entered in accordance with due process and, thus, that the judgment was void. On February 24, 2012, we dismissed the mother's appeal with instructions to the juvenile court to set aside its void judgment. On February 27, 2012, the juvenile court scheduled the cause for a hearing to be held on March 1, 2012. This court's certificate of judgment was issued on March 15, 2012. On March 29, 2012, after having conducted the hearing on March 1, 2012, the juvenile court entered a judgment,

again finding the child dependent and awarding custody of the child to the stepmother. The mother again appealed.

This court held:

"[T]he juvenile court held a hearing on March 1, 2012, which was before this court issued its certificate of judgment on March 15, 2012. Therefore, at the time of the hearing, this court's jurisdiction over the case had not terminated, and the juvenile court had not reacquired jurisdiction over the case. Landry [v. Landry], 91 So. 3d [88,] 90 [(Ala. Civ. App. 2012)]. A judgment cannot be entered upon evidence obtained at a hearing that was held at a time when the trial court did not have subject-matter jurisdiction. See, e.g., Gray v. State, 658 So. 2d 510, 511 (Ala. Crim. App. 1994) (holding that, unless parties would stipulate to the facts, a new hearing must be held when the previous hearing had been held at a time when the trial court lacked subject-matter jurisdiction)."

M.G., 105 So. 3d at 1233-34.

In the present case, the trial court, on April 8, 2025, "reissued" its December 23, 2024, judgment awarding damages to Stewart based, at least in part, upon evidence taken at the hearing held on that date -- a hearing, however, that took place during the pendency of Moore's previous appeal in the case. As Horton and M.G. indicate, the trial court, as a matter of law, had been wholly divested of its jurisdiction to act or to proceed on any matters that would affect the issues presented on appeal at the time it held its hearing and entered its judgment on

16

December 23, 2024. Although this court, in its January 27, 2025, order dismissing Moore's previous appeal and directing the trial court to "vacate its order of December 23, 2024," warned the trial court not to "reenter[] such order" until the first appeal was finally concluded by the issuance of our certificate of judgment -- which might, at first glance, indicate that the trial court retained authority to thereafter enter its December 23, 2024, judgment nunc pro tunc -- we made clear that the December 23, 2024, judgment constituted "a ruling on an issue pertinent to the litigation while this court had jurisdiction over the matter" and cited Horton as authority for the proposition that the December 23, 2024, judgment was "a nullity." It also follows that, on the same rationale, the trial court lacked authority to enter its December 4, 2024, order setting the December 23, 2024, trial date and to conduct that trial, and the trial court's consideration of evidence adduced at that trial in entering its April 8, 2025, judgment was erroneous.

Based on the foregoing, we conclude that the trial court's April 8, 2025, judgment is void for lack of subject-matter jurisdiction. We, therefore, dismiss the appeal with instructions to the trial court to set aside its void judgment. M.G., 105 So. 3d at 1233-34. We instruct the

trial court that, before entering a new judgment, it must conduct a new trial unless the parties enter into a stipulation of the facts. Id.

APPEAL DISMISSED WITH INSTRUCTIONS.

Moore, P.J., and Edwards, Fridy, and Bowden, JJ., concur.